## Mueller, et al. v. Phillips, et al.

(Decided January 27, 1920.)

### Appeal from Marion Circuit Court.

1. Schools and School Districts—School Taxes—Support of Colored Schools.—In a city of the fourth class where the schools have been organized as provided by section 3588a, Kentucky Statutes,

the taxable property for local taxation for educational purposes, in the white free graded common school district, consists of the property, owned by white persons in the district, and, in addition thereto, the proportion of the corporate property, in the city, which the number of white children, within the school ages, in the city, bears to the total number of pupil children, both white and colored in the city; while the taxable property, in the colored district consists of the property, owned by colored persons, in the city, and the proportion of the corporate property, which the number of colored pupil children, bears to the total number of pupil children, both white and colored, in the city.

2.  Schools and School Districts—Support of Colored Schools.—In a city of the fourth class, where the schools have been organized as provided by section 3588a, Kentucky Statutes, taxes can not be levied upon the property of white persons, for the benefit of the colored schools, nor can a tax be levied upon the property of the colored people for the benefit of the white schools.

3.  Schools and School Districts—Taxation for Support of Colored Schools.—In a city of the fourth class, where the schools have been organized, as provided by section 3588a, Kentucky Statutes, although a tax is levied and collected for the benefit of the white district, upon that portion of the corporate property, within the city, which is subject to local taxation, only, for the benefit of the colored district, the trustees of the colored district, are not entitled to recover, the taxes thus levied and collected without authority of law, unless for the same year, a tax for a similar purpose has been levied in the colored district for the benefit of its schools.

CHARLES C. BOLDRICK for appellants.

W. H. SPRAGENS for appellees.

Opinion of the Court by Judge Hurt—Reversing.

Lebanon is a city of the fourth class, and there having been organized, therein, a system of free graded common schools for the education of the white and colored pupil children of the city, under the management of a board of education, the general council adopted an ordinance as provided by section 3588a, Kentucky Statutes, by which the system of schools was separated into a free white graded common school for the white pupil children of the city, and a free colored graded common school for the colored children of the city. In other words, the ordinance established two free graded common school districts, each with the same limits as the city, one of which was for the use of the white pupil children, and the other,

for the use of the colored pupil children. Since the creation of the two free graded common school districts, each has been managed and controlled by trustees, selected for that purpose, as by the statute, *supra,* provided. It seems that it has been the practice since the organization of the districts, for the purpose of making the needful tax levies for the districts that application has been made to the board of council of the city, which has made the levy of the taxes for the benefit of the school districts, but about this matter, there is, now, no question made. Upon the application of the trustees of the white free graded school district for the year, 1914, the council, of the city, enacted an ordinance, which levied a tax upon the property of white persons and corporations, other than railroads and bridge corporations, within the district, of seventeen cents upon each one hundred dollars of the assessed value of the property, and a tax of five cents upon each one hundred dollars, of the assessed value of the same property, which the ordinance designated as having been levied for the purpose of paying the cost of certain necessary repairs of the school buildings of the white district. The tax of seventeen cents, provided for in this ordinance, was to pay the ordinary current expenses for maintaining the school in the white district.

For the year, 1915, the council of the city, by an ordinance, levied a tax for general school purposes, which we assume, means the ordinary expenses of the maintenance of a school, upon the property of white persons and corporations, other than railroads and bridge corporations, within the district, of fifteen cents upon each one hundred dollars of the assessed value of the property, and upon the same property, a tax of fifteen cents upon each one hundred dollars of its assessed value for the purpose as expressed in the ordinance to be used solely for building an additional room to the school buildings of the white district.

For the year, 1916, the council adopted an ordinance levying the same taxes, and for the same purposes as for the year, 1915, upon the assessed value of the property of the white persons and corporations, other than railroads and bridge corporations within the district, the ordinance specially providing, that fifteen cents of the tax, levied, was for general school purposes, and fifteen cents upon each one hundred dollars of the assessed value of the property, was levied for the purpose, and to be

used solely, for building an additional room to the school building of the white district.

For the year, 1917, the council adopted an ordinance, which levied a tax of thirty-seven and one-half cents upon each one hundred dollars of the assessed value of the property of white persons and corporations, other than railroads and bridge corporations within the district, but, the ordinance specially provided, that twenty-two cents of this levy was for ordinary school purposes, while fifteen and one-half cents upon each one hundred dollars, of the assessed value of the property, was levied, and should be used; for the purpose of paying the interest upon the $75,000.00 in bonds, which had been issued, by the white school district, for the erection of school buildings for the use of the white district, and to create a sinking fund to pay the principal of the bonds at maturity.

The foregoing taxes were collected, and the portion of taxes, collected for each of the years, named, for ordinary school purposes, from the corporations within the district, were divided into two portions in the proportion as the number of the white and colored pupil children, in the city, bore to the entire number of the pupil children, both white and colored in the city, and the portion of it, which was in the proportion, that the number of colored children in the city bore to the entire number of children, both white and colored, was paid by the trustees of the white district, to the trustees of the colored district. The taxes, levied and collected under the ordinances, which provided, that the taxes were levied for the purpose, and to be used solely for the purpose of repairing and adding to the school buildings of the white district, were retained by the trustees of that district, and the money, received from the levy of fifteen and one-half cents for the year, 1917, and which was levied for the purpose as designated by the ordinance, to be applied to the payment of the interest and principal of the bonded indebtedness of the white district, was paid over to the sinking fund commissioners, who had been appointed theretofore, to manage and control such fund.

It further appears from the agreement as to the facts on file, that, for the years, 1914, 1915 and 1916, there was no levy for taxes made, nor taxes collected upon the property of colored persons in the colored district, for repairs, or making of additions to the school buildings in that district, nor was a levy of taxes for such purposes sought;

and, further, that a tax was not levied upon the property of colored persons within the colored district for the year, 1917, to pay the interest upon any bonded debt, nor to create a sinking fund to pay the principal of the debt, and as we assume, the colored district did not owe any indebtedness of that kind, and had no need of a levy of taxes for such purposes.

The amount, arising from the taxes, levied and collected from the corporations in the city, other than railroads and bridge corporations, for the years, 1914, 1915 and 1916, for the specified purposes of repairing and adding to the school buildings in the white district, and the tax of 15½ cents for the year, 1917, to pay the interest on the bonded indebtedness of the white district, to which the colored district would be entitled, if it was awarded such a sum of the money as the number of colored pupils in the city, bears to the total number of children within the school age both white and colored, in the city, is the sum of $717.26, of which sum $507.88 is in the hands of the trustees of the white district, and $209.38 is in the hands of the sinking fund commissioners, appointed for the white district.

The circuit court adjudged, that the trustees of the colored district recover of the trustees of the white district, the above mentioned sum of $507.88, and of the sinking fund commissioners, the sum of $209.38, which is in their hands, and from this judgment, the trustees of the white, free, graded, common school district have appealed, and the sinking fund commissioners have made a motion before this court, to grant them an appeal from the judgment rendered against them.

(a) In Trustees of Graded Free Colored Common Schools of Mayfield against Trustees of Graded Free White Common Schools of Mayfield, 180 Ky. 574, it was held, that so much of section 3588a, Kentucky Statutes. as authorized a taxation of the property of corporations in cities of the fourth class, wherein a system of graded free common schools had been organized as provided by section 3588a, supra, for the purposes of the white district alone, and denied to the schools of the colored district, any part of such taxes, was void as being in contravention of the constitutional guaranties, as the corporations were neither white nor colored, and as the stockholders therein might be white, colored, or both, to give all of the taxes, which might be levied upon and col-

lected from such property to the white school district, was an unlawful discrimination; and in that case, where the taxes had been levied and collected from the property of the corporations for the ordinary general purposes of the school, it was held, that the colored district was entitled to such a proportion of the taxes, as the number of the colored pupil children in the city or district, bore to the total number of pupil children in the district or city, both white and colored. In the late case of Moss against City of Mayfield, 186 Ky. 330, it was held, that the taxable property in a colored free graded common school district in a city of the fourth class, where the schools have been organized as provided in section 3588a, *supra,* consists of the property owned by colored citizens therein, and in addition thereto, the proportion of corporate property in the city, which the number of colored children within the school ages in the city, bears to the total number of children both white and colored within the school ages therein. The necessary result of these decisions is, perforce, that the taxable property in a white free graded common school district, in a city of the fourth class wherein the schools are organized as per section 3588a, *supra,* is the property of white persons therein, and the proportionate part of the corporate property in the city, that the number of white pupil children therein bears to the total number of pupil children, both white and colored in the city. Hence, for the purposes of local taxation for educational purposes, the fiction must be indulged, that the proportion of the corporate property, which the number of white pupil children in the city, bears to the total number of pupil children therein, is a white person, and the remainder of the corporate property, is a colored person. To adopt any other rule, would make the corporate property subject to double taxation. The statute expressly providing, that the property of a white person can not be locally taxed for the benefit of the schools of the colored district, nor the property of a colored person for the benefit of the schools of the white district, it is very clear, that the property of corporations in such a city and district, can not be taxed for the benefit of a school of the white district, except the proportion of it, which the number of white pupil children in the city; bears to the total number of pupil children therein, both, white and colored, and the money, sued for herein, being the

taxes levied upon and collected from that proportionate part of the corporate property, which the number of colored children within the school ages in the city, bears to the total number of children within the school ages in the city, both white and colored, and being that portion of the corporate property, which is subject to taxation locally, for educational purposes, for the benefit of the schools of the colored district, only, the imposition and collection of taxes upon it for the benefit of the schools of the white district, was unauthorized.

(b)   Although the imposition and collection of the taxes sued for, for the benefit of the white district, were not authorized, the trustees of the colored district, who were the plaintiffs below, are not entitled to recover, unless the colored district has a legal right to the funds arising from such collection.   The ordinances, which levied the taxes, in controversy,. and by the authority of which they were collected, as provided by section 181, of the Constitution, stated, specifically, the purposes for which they were imposed, and hence, the funds, arising from the taxes, can not, lawfully, be appropriated by the trustees of the white district to any purposes, other than the one for which they were levied, but, this would not authorize the levy and collection for the benefit of the white district, a tax upon property, which was not subject to taxation for its benefit.   However, the only claim of right to the funds made by the trustees of the colored district, is, that it was levied and collected as a tax from property, which was subject to taxation for the benefit of the colored district, and that the colored district would be entitled to it, if such a tax had been imposed for the benefit of the colored district, but which had not been done.   As heretofore stated, the agreement as to the facts upon which the case was tried, fails to show that for either of the years in which the taxes, in controversy, were levied or collected, that there was any tax levied or sought to be levied upon the property, subject to taxation, in the colored district, for any of the purposes for which the taxes, in controversy, were levied, and in fact, it does not appear, that the colored district had any need of the imposition of taxes for any purposes, for which the taxes, sued for, were levied and collected.   It would seem that a district would not be entitled to taxes, which must come to it through a levy for that purpose, unless a levy had been made and the colored district would not

be entitled to the fund, in controversy, unless a tax was levied upon the property in the colored district for the same year and for the purposes for which these taxes were levied and collected. The situation as presented by the record, is not dissimilar from the condition, that would exist, if the taxes had been levied upon the property of a colored citizen and collected; while the levying and collection of the tax from the colored citizen for the benefit of the white district, would have been unlawful, the colored district trustees would not have any title to the money, collected as for the unlawful tax. The questions, which might have arisen between the appellants and the corporations, which paid the taxes, are not here for adjudication.

(c) We therefore conclude, that the court erred in adjudging, that the appellees should recover and the judgment against the trustees of the white school district, is reversed, and the motion for an appeal upon the part of the sinking fund commissioners, is sustained and the judgment against them, reversed and the cause remanded with directions to set aside the judgments and to dismiss the action.