## Board of Trustees of Clay Graded Common School District v. Webster County Board of Education.

(Decided January 30, 1923.)

### Appeal from Webster Circuit Court.

1. Schools and School Districts—Colored Common School in White Graded School District—Taxation.—Where, as in this case, a common school district has, under section 3588a, Kentucky Statutes, been organized into a separate graded white common school district, and a tax for the maintenance of such graded white common school has been levied and collected by its board of trustees upon the corporate property within the district subject to local taxation, a colored common school of the district is not entitled to claim or recover any part of the tax thus levied and collected.

2. Schools and School Districts—Colored Common School in White Graded School District.—A tax, nor any part thereof, so levied and collected by the board of trustees of the separate graded white common school district, cannot be demanded or recovered by the county board of education, although it is charged with the duty of providing for the maintenance of the colored school in such dis-

trict. In such case it must do so out of other common school funds received by it.

C. W. BURNETT and C. J. WADDILL for appellant.

RAYBURN & WITHERS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is an appeal from a judgment of the Webster circuit court, whereby the appellee, Webster county board of education (plaintiff in the court below), was awarded a recovery of $617.60, with 6% interest from January 1, 1922, against the appellant, board of trustees of the Clay graded common school district (defendant in the court below), as its alleged proportionate part of taxes paid by certain corporations to the appellant for the years 1917-1918-1919-1920 and 1921, claimed to be owing the appellee by the Clay white graded common school for the maintenance of the colored common schools of that district. The aggregate amount, exclusive of interest, claimed in the petition, was $1,043.50.

The appellant filed a general demurrer to the petition, which the trial court overruled; and following its refusal to further plead, the court entered judgment against it in favor of the appeleee for the amount above indicated. It is insisted for the appellant that the petition failed to state a cause of action, hence the overruling by the trial court of its demurrer to that pleading constitutes reversible error.

Although much of what is stated in the petition is indefinitely alleged in the form of mere conclusions, it seems to be substantially alleged therein that the appellant board of trustees of the Clay white graded common school district levied and collected in each of the years named of certain corporations, other than railroad corporations, a tax of 75 cents on each $100.00 worth of property owned by them, respectively, the whole of which was applied to the maintenance of the white graded common schools of the Clay district, but to part of which, in the proportion that the whole number of colored pupils of the school age within the school district bore to the whole number of pupils, white and colored in the district, the appellee was entitled for the maintenance of the district colored common school. But that having received no part of such taxes thus collected by the appellant, it was compelled to and did maintain the district colored common school out of the school funds in its

hands. It is not alleged, however, how much appellee expended for the colored school in any of those years or whether it was paid out of the county or state school funds, but if, as admitted by the appellee, the white graded common school of the district had been converted into a separate graded school and the district so changed as to conform thereto, as allowed by section 3588a, Kentucky Statutes, and thereby made a separate taxing unit, the appellant as the constituted board of trustees of such separate graded white school district was alone empowered to levy and collect the taxes in question, and also to wholly apply same, as it admittedly did, to the erection of a building for the white graded school and its maintenance in other respects. Moss v. City of Mayfield, 186 Ky. 330; Mueler v. Phillips, 186 Ky. 657.

In the latter case it was held that where a white common school district has, under section 3588, Kentucky Statutes, been organized into a separate graded school district, and a tax levied and collected in such district for the benefit of the white graded school, upon that portion of the corporate property, within the district, subject to local taxation, the colored schools of the district are not entitled to recover any part of the taxes thus collected unless a similar levy of a tax has been made for the colored schools. In such state of case the taxes for the maintenance of the separate white graded school is levied, collected and expended by its board of trustees. The tax levied cannot be demanded or received by the county board of education. Upon the other hand, although the county board of education is charged with the duty of providing for the maintenance of the colored common school in such district, it must do so out of other common school funds received by it.

It is our conclusion, therefore, that the appellee's petition did not state a cause of action and that the demurrer thereto should have been sustained. Judgment reversed for dismissal of action. The whole court sitting.