## W. J. Duncan Coal Company v. Board of Trustees of the Greenville White Graded Common Schools, et al.

(Decided March 25, 1924.)

### Appeal from Muhlenberg Circuit Court

1. Schools and School Districts—Rule Stated as to Liability of Corporation for Tax, where White School District and Colored Districts Coincide.—The property of a corporation located within a graded school district of a city of the fourth class, the territorial boundaries of which coincide with the boundaries of a free common school district for colored pupils, is not liable for a full tax assessment made by the board of trustees of the graded school to the exclusion of the free common school under the county board of education; the graded school being entitled only to such proportion of the whole tax as the number of white pupils bears to the whole number of pupils, white and colored.

2. Taxation—Taxes Must be Uniform and Equal.—Under Constitution, sections 171 and 172, taxes must be equal and uniform.

HUBERT MEREDITH for appellant.

EVANS & SANDIDGE for appellees.

Opinion of the Court by Chief Justice Sampson—
Reversing.

Is the property of a corporation, located within a graded school district of the city of the fourth class, the territorial boundaries of which coincide with the boundaries of a free common school district for colored pupils, liable for a full tax assessment made by the board of trustees of the graded school to the exclusion of the free common school under the county board of education, we are asked by this appeal.

The appellant coal company admits that it owns property in the city of Greenville, included in both the white graded school district of that city and the free school district for colored pupils, which it assessed for purposes of taxation at $10,397.00 and that it is subject to taxation upon that valuation for school purposes, but it denies that it is liable to the white graded school for its assessment of $1.50 on the $100.00 for the entire valuation, $10,397.00. Within the district are 500 white pupil children who belong to the white graded school. In the same territory are 157 colored pupil children who belong to the free common school for colored children, the territorial limits of which coincide with the white graded school district. The company therefore insists that the white graded school district is entitled to have and receive 500/657th of the taxes arising on the assessed valuation of its property in the district and that the balance of its property, 157/657ths, is subject to taxation for the use and benefit of the colored free school district. In other words, it says that in contemplation of law 500/657ths of its $10,397.00 worth of property in the district is white and subject to taxation for the use and benefit of the white graded school of Greenville, but that the remainder of its property, 157/657ths, is in contemplation of law colored, and subject to taxation only by the county board of education for the use and benefit of the free common schools of the county. We have held in several cases that colored pupils living in a town covered by a white graded school district are not members of such white graded school district, but must be excluded when calculating the number of pupil children in the white graded school district, and that such colored pupil children belong to the free common schools of the

county unless the colored people also have a graded school district covering the same territory. We have also held that the property of colored people living in such white graded school district is not subject to taxation for the support of the graded white school. Trus. Col. Schools Mayfield v. Trustees White Schools, 180 Ky. 574; Moss, et al., v. City of Mayfield, et al., 186 Ky. 330; Mueller, et al. v. Phillips, et al., 186 Ky. 657. In other words, there are two separate and distinct taxing sovereignties, the white graded school district and the county board of education or fiscal court of the county which may levy a tax for the support of free common schools of the county. In Mueller v. Phillips, *supra,* we said:

"The necessary result of these decisions is, perforce, that the taxable property in a white free graded common school district, in a city of the fourth class wherein the schools are organized as per section 3588a, *supra,* is the property of white persons therein, and the proportionate part of the corporate property in the city, that the number of white pupil children therein bears to the total number of pupil children, both white and colored, in the city. Hence, for the purposes of local taxation for educational purposes, the fiction must be indulged that the proportion of the corporate property, which the number of white pupil children in the city bears to the total number of pupil children therein is a white person, and the remainder of the corporate property is a colored person. To adopt any other rule would make the corporate property subject to double taxation. The statute expressly providing, that the property of a white person cannot be locally taxed for the benefit of the schools of the colored district, nor the property of a colored person for the benefit of the schools of the white district, it is very clear that the property of corporations in such a city and district can not be taxed for the benefit of a school of the white district, except the proportion of it which the number of white pupil children in the city bears to the total number of pupil children therein."

In the case of Trustees of the White Graded School v. the Trustees of the Colored Graded School of Mayfield, 180 Ky. 574, it was held that the white graded school was

not entitled to all of the taxes arising from the assessment of property belonging to corporations, but that the corporations, being neither white nor black, belong exclusively to neither the white nor colored school district, and that their property was not wholly subject to taxation by either of said school boards. In the opinion in that case it is said:

"There is and can be no good reason why the revenue arising from taxation of the property of these artificial beings, these children of the state, having neither tangible form nor color, should be devoted exclusively to the education of white children. Colored children are the wards of the state in the same sense and to the same extent as are white children, and are equally entitled to care, protection and training, and this is vouchsafed not only by our form of government but by the express terms and provisions of our Federal and State Constitutions."

In the case at bar the board of education of the white graded school is demanding of the appellant corporation that it pay the full assessment of $1.50 on its total property valuation of $10,374.00 for the support and maintenance of the white graded schools alone. This the appellant corporation properly declined to do and tendered to the treasurer of the white board of education 500/657ths of said amount and asked a receipt in full for same. This the board declined to accept and was about to enforce the collection of the whole amount when this suit was instituted by the corporation to enjoin the white board from collecting the whole amount or any amount greater than 500/657ths of the total amount, figured at the rate of $1.50 on the $100.00, the levy made by the white board. All the facts are admirably set forth in the petition. A general demurrer was filed to it and sustained by the court and of this ruling the appellant now complains. Taxes must be equal and uniform according to sections 171 and 172 of our Constitution.

The colored pupil children are entitled to the full protection of the law and are and must be held to be entitled to their just and equal proportion of the taxes arising from assessment of property belonging to corporations. Corporations are fictitious persons, creatures of

the law, children of the state. As they are created by the whole people and belong to neither race, they must be regarded for the purpose of taxation as neither white nor black but partaking in part of each in the ratio which the one race bears to the other numerically in the jurisdiction in which the taxes are proposed to be levied and collected.

The chancellor should have sustained appellant's motion for an injunction restraining the board of education of the graded school and its collector from collecting of appellant corporation taxes on more than 500/657ths of its property assessment. In failing to do so he committed reversible error. On a return of the case the chancellor will enter judgment perpetually enjoining the defendants from the collection of more than 500/657ths of the amount which would be due upon the entire property of the corporation in the district assessed at $10,374.00.

Judgment reversed for proceedings consistent with this opinion.