## Commonwealth, By, etc., for the Use and Benefit of the Webster County Board of Education v. Sebree Deposit Bank.

(Decided March 28, 1924.)

### Appeal from Webster Circuit Court.

1. Schools and School Districts—Rule Stated as to Liability of Corporate Property for Taxes as Between White and Colored Schools. —Where a graded school was maintained for white children by a graded school district, and common schools were maintained in such district by the county board of education for colored children, a corporation within the graded school district was liable to the county board of education for taxes upon that proportion of its property that the number of colored school children in the white graded school district bore to the whole number of school children therein, in view of Ky. Stats., sections 4426a-1, 4399a-4, 4399a-8, 4464, 4468a-1.

2. Schools and School Districts—Erroneous Payment of Taxes to White Graded School District Held Not to Relieve from Liability to Colored Common School District.—That a corporation erroneously paid to a white graded school district taxes on property not constructively located therein but in the county common school district did not absolve it from liability to the latter district.

RAYBURN & WITHERS for appellant.

C. W. BENNETT for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellee, a corporation, does business and its property is located in Sebree, Webster county, Kentucky, and within the Sebree graded common school district for white children. There is no graded school for the colored children residing in the district, but for such children

common schools are maintained by the Webster county board of education, as is required by law.  By this action, the Webster county board of education seeks to recover of appellee taxes for the years 1918 to 1922, inclusive, upon that proportion of its property that, in each of those years, the number of colored school children in the white graded school district bore to the whole number of school children therein.

The state Constitution imposes upon the legislature the duty of providing separate free public schools for white and colored children of school age.  In discharge of that duty, the legislature for many years has provided for two kinds of such schools, common schools and graded schools. As the law now stands, separate common schools for each race are maintained throughout the entire state by county boards of education, except in the territory in any county embraced within graded school districts.  As a result there is available to all school children of both races, throughout the entire state, either a free graded school or a free common school, but not both; and it often happens that in a given locality there may be separate graded schools or separate common schools for each race, or, as here, a graded school for one race and a common school for the other.  The same per capita allotment of state school funds is made to all of these schools, and they are otherwise supported by local taxation.

All of the territory in any county not embraced within graded school districts is a single common school district (section 4426a-1, Kentucky Statutes), and all of the common schools therein for both races are under the management and control of the county board of education (section 4399a-4, Kentucky Statutes), and are supported out of the county levy for school purposes imposed upon all the property in the district regardless of its character or ownership (section 4399a-8).

But each graded school district is a separate municipal unit; its schools are managed by a local board of trustees selected by the voters of the race for which it was established, and supported by taxation imposed by the local board on property in the district owned by the members of that race only (4464 and 4468a-1).

It necessarily results from these provisions that the people and property of both races are in a single school district where there is no graded school district; but in

any territory embraced within a graded school district for either race, the members of one race and their property are in one school district and the members of the other race and their property are in another school district.

As a corporation is neither white nor colored but its corporate stock is most often owned exclusively by members of the white race, the legislature provided in section 4464, *supra*, that in all white graded school districts, embracing cities of the fifth or sixth class, the property of all corporations located therein should be taxable exclusively by such white graded school district, but we held in Trustees of Graded Free Colored Common Schools of City of Mayfield, Ky. v. Trustees of Graded Free White Common Schools of City of Mayfield, Ky., 180 Ky. 574, 203 S. W. 520, that a like provision in section 3588a of the statutes was in contravention of the state and federal constitutions, and that the property of corporations located in territory where there were graded school districts for each race must be apportioned to the two districts according to the number of school children of each race therein, and without reference to racial ownership of the corporate stock.

It is true, as suggested by counsel for appellee, that in that case we were dealing with the separate graded school districts for the two races in a city of the fourth class, each of which happened to be coterminous with the corporate limits, while here we have to deal with a white graded school district which inculdes a city of the fifth class and the common school district, which, in so far as colored children are concerned, covers the same territory, but this difference in the facts of the two cases is immaterial. The principle involved is precisely the same, and for the reasons assigned in the Mayfield case we must hold here that only so much of appellee's corporate property as was constructively white was in the Sebree graded school district, and so much thereof as was constructively colored was in the county common school district.

In other words, corporate property in all territory covered by two school districts is, for the purpose of school taxation, considered to be white or colored in the same proportion as are the children of school age resident therein.

As a consequence, such portion of appellee's property as the number of colored children in the graded school district bore to the whole number of school children therein in any year, just like property owned by colored individuals, was located outside of the white graded school district and in the common school district and subject to the county levy for school purposes.

The court therefore erred in dismissing the petition herein, unless, as is urged by counsel for appellee, the fact that it paid to the white graded school district taxes on all of its property for each of those years exempts it from payment of the county school rate for common schools upon that portion of its property liable therefor. That this cannot be true seems to us too obvious to require argument or citation of authority to refute it. As only so much of appellee's property as was constructively white was located in the white graded school district, only that much of it was liable to taxation therein, and the fact that appellee erroneously paid to the white graded school district taxes on property not located therein but in the county common school district cannot of course absolve it from its liability to the county common school district for taxes due it. To the same effect are Moss v. City of Mayfield, 186 Ky. 330, 216 S. W. 842, and Mueller v. Phillips, 186 Ky. 657, 217 S. W. 1010.

It is insisted for appellee that in Board of Trustees of Clay Graded Common School District v. Webster County Board of Education, 197 Ky. 488, 247 S. W. 365, we assigned as the reason for holding the Webster county board of education could not recover from a graded common school district taxes it had collected on constructively colored corporate property located therein, that the graded school district was entitled thereto. This is true, and while we were clearly right in deciding the case as we did, since the wrong party was sued, it is just as clear the reason assigned therefor is not supported by the cases cited therein and cannot be sustained.

Wherefore the judgment is reversed, with directions to overrule the demurrer to the petition and for proceedings consistent herewith. The whole court sitting, Judge Settle dissenting.