## Davis v. Anderson, Sheriff Oldham County, et al.

(Decided October 18, 1916.)

### Appeal from Oldham Circuit Court.

1. Schools and School Districts—Consolidated School Districts—Levy, of Tax—In Whom Vested.—Section 4399,. subsection 8, Kentucky Statutes, which empowers the county board of education to lay off a boundary to create a consolidated school district and to submit to the voters of the district the question of levying a tax for the purpose of erecting a school building therein, also by implication imposes upon that board the duty of levying such tax when voted.

2. Schools and School Districts—Creation of Consolidated Districts:—Section 4426a, subsection 17, Kentucky Statutes, which vests in

the county board of education the power to consolidate "any two or more contiguous school subdistricts," necessarily confers upon such board the power to consolidate parts of subdistricts.

3. Appeal and Error—Review—Presumption as to Notice Not in Record.—Where the notice given of the time and place for holding an election for voting a tax to build a schoolhouse in a consolidated school district does not appear in the record, this court will not assume that it was in any particular defective or insufficient, where its absence from the record is not complained of by counsel.

ROBT. CROWE for appellant.

J. BALLARD CLARK for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

February 12, 1916, the county board of education of Oldham county, by laying off in a given boundary certain territory in that county, created what is known as the Ballardsville Consolidated School District, and at the same time ordered an election to be held in the district on March 18, 1916, for the purpose of taking the sense of the voters of such district on the proposition of imposing a tax of ten cents on each $100.00 of taxable property in the district for the erection of a school house therein and a tax of ten cents on each $100.00 of taxable property for the transportation of pupils in the district to and from the consolidated school. Due notice of the time and place of the holding of the election was given, and on March 18, 1916, the election was held, resulting in 104 votes in favor of the imposition of each tax and 71 votes against it, the majority in favor of the tax being 33 votes. On March 20, 1916, the county board of education met, canvassed the returns of the election, declared the result to be as already stated and duly levied the tax of ten cents for the erection of the school house in the Ballardsville consolidated school district and also the ten cents for the transportation of pupils of the district to and from the school, all of which was certified to the appellee, T. T. Anderson, sheriff of Oldham county, for the purpose of enabling him to collect the tax for each of the purposes indicated, as required by law.

August 31, 1916, this action was brought by the appellant, Fleet Davis, in the Oldham Circuit Court against the appellees, sheriff, county superintendent of

schools and county board of education of Oldham county, seeking to enjoin them from levying and collecting the tax either for the erection of the school house or transportation of pupils in the Ballardsville consolidated school district, upon the ground that the election by which the tax was voted and the action of the county board of education in levying it were and are invalid. The questions at issue were presented by demurrer filed by appellees to the petition, and on the hearing the court adjudged that the tax of ten cents levied for the erection of the school house in the district was valid, but that the tax of ten cents levied for the transportation of pupils of the district should not be collected, and appellees were enjoined from collecting same. From so much of the judgment as refused to enjoin the collection of the tax for the building of the school house, Davis has appealed.

As appellees have not taken a cross-appeal from that part of the judgment enjoining the collection of the transportation tax, the only question presented to us for decision is as to the validity of the tax imposed for the building of the school house in the district. The objections urged by appellant to the tax are as follows: (1) Twelve illegal votes were cast at the election and counted in favor of the tax; (2) The proposition submitted did not conform to the statute; (3) The county board of education were without authority to levy the tax; (4) The consolidated school district is made up of parts of contiguous subdistricts and is not composed of a consolidation of whole subdistricts; (5) The records of the county board of education with reference to the election and levy are vague and indefinite. Objections 1 and 2 are not seriously urged, it being conceded by counsel for appellant that the questions thereby raised were decided adversely to his contentions by the opinion in Gibson, etc., v. Anderson, Sheriff, 170 Ky. 664. Hence we are relieved of the necessity of here considering these objections.

The third contention, that the county board of education was without authority to levy the tax, is without merit. Section 4399, subsection 8, Kentucky Statutes, empowers the county board of education to lay off a boundary for the purpose of creating a consolidated school district and also to submit to the voters in that boundary the proposition as to whether a tax shall be

voted by and collected of the district for the purpose of erecting a necessary school building therein, and while the statute appears to be silent as to whose duty it is to levy this tax, we think it clear that such duty is by implication imposed upon and vested in the county board of education. No reason is apparent for holding that such duty rests upon the fiscal court of the county, merely because that body is authorized to levy taxes for various other purposes. The case of Gibson, etc., v. Anderson, Sheriff, *supra,* involved the validity of an election in which the county board of education levied the tax as was here done, which levy was upheld by the opinion.

Appellant's fourth objection is also untenable. If, as provided by section 4426a, subsection 17, Kentucky Statutes, "the county board of any county shall have power to consolidate . . . . any two or more contiguous school subdistricts . . ." the power thus conferred manifestly gives the board authority to consolidate parts of subdistricts. Necessarily the whole includes parts of the whole. If this were not true the whole idea and theory of consolidation would be impractical.

Appellant's fifth and final contention, that the records of the county board of education with reference to the election and levy are vague and indefinite, is not sustained by our inspection of the records themselves, for they seem to be full and complete and show that every step necessary to the proper imposition of the tax was taken. It should here be remarked, however, that the notice given of the time and place for holding the election does not appear in the record, but as its absence is not complained of by counsel for appellant and no objection is made to its form or substance, we will not assume that it was in any particular defective or insufficient.

It is not alleged in the petition or claimed in the brief of appellant's counsel that the money derived from the tax here levied has not been or will not be expended by the board of education for the purpose for which it was levied, and the record failing to show that any step necessary to the valid levying and collecting of the tax was omitted by the board of education, no reason is apparent for disturbing the judgment, therefore it is affirmed.