## Holton, et al. v. Board of Education of Mason County, et al.

(Decided June 22, 1917.)

### Appeal from Mason Circuit Court.

1. Schools and School Districts—Creation of Consolidated District—Board of Education.—In creating a consolidated school district,

in accordance with sub-section 8, of section 4399, Kentucky Statutes, notice to the trustees of the districts affected is not necessary to give the board of education authority to act.

2. Schools and School Districts—Creation of Consolidated District.— The fact, that in creating a consolidated school district, in accordance with sub-section 8, of section 4399, Kentucky Statutes, subdistricts are reduced in size below forty-five pupil children, does not render the consolidated district void, because it is not to be presumed that the board of education, as a part of its plans, will not provide proper school facilities for the children remaining in the portions of the sub-districts not included in the consolidated district.

3. Schools and School Districts—Creation of Consolidated District— Election.—Hand bills, giving notice of the time, place and purpose of an election held under sub-section 8, of section 4399, Kentucky Statutes, posted for thirty days previous to the election, at seven public places in the district, is a sufficient notice to uphold the election.

4. Schools and School Districts—Creation of Consolidated District.— The county board of education is authorized to create a consolidated school district out of parts of sub-districts, as well as out of entire sub-districts.

J. M. COLLINS for appellants.

W. H. REESE for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

On the 26th day of April, 1915, the Board of Education, of Mason county, created a consolidated school district in educational division number one, of Mason county, and at the same time ordered a submission to the voters within the boundary laid off for the consolidated school of the question, whether or not a tax should be levied of twenty-five cents on each one hundred dollars of assessed value of taxable property, within the district, for the purpose of its organization and maintenance. The election was ordered to be held, at a designated place, within the district, on the 3rd day of July, 1915. The election was duly held, and it resulted in a majority of the votes being cast in favor of the tax, and thereafter the board of education made a levy of the tax and ordered it collected and the sheriff of Mason county was proceeding to make the collection of the taxes, when, on the 22nd day of November, 1915, the appellants, W. H. Holton and C. H. Sidwell, who were citizens and taxpayers within the district, in behalf of themselves and for the other taxpayers of the district; filed an action against the board of education and the sheriff and sought,

as the final relief, a perpetual injunction restraining the collection of the taxes. A temporary restraining order was obtained. Thereafter, the issues in the case having been formed, an agreed statement of the facts was filed and the cause submitted for trial and judgment upon the pleadings and the facts. The court dissolved the restraining order and dismissed the petition, and from that judgment the appellants have appealed. The judgment is sought to be reversed for five reasons:

(1). That the board of education intended to consolidate three sub-districts, namely, Moransville, Charleston Bottom, and Beasley, and that the boundary of the district, as adopted by the board, embraced portions of other districts.

(2). The trustees of three sub-districts, portions of which were included within the boundary of the consolidated district, did not consent to the consolidation.

(3). That three sub-districts, portions of which were included within the boundary of the consolidated district, were reduced in size, so as to include less than forty-five pupils, each.

(4). That the notice of the election was not sufficient, because there was no notice of it given in any newspaper.

(5). That the consolidated district was composed of three entire sub-districts and portions of three sub-districts, when the statute does not authorize the inclusion within a consolidated district of anything less than an entire sub-district.

(a). With regard to the first ground for reversal relied upon, suffice it to say, that the order of consolidation made by the board of education defined the boundary of the consolidated district, specifically, by natural objects, roads and water courses. The intentions of the board of education can only be determined by its acts, and there does not seem to be any ground for the contention, that in making the order of consolidation, the boundary adopted included any more territory than the board of education intended.

(b). In support of the second ground for reversal, section 4427, Kentucky Statutes, is relied upon. This section provides, that the boundary of a district shall not be changed, unless ten days' notice, in writing, shall be first given to the trustees of the other districts affected thereby. This statute, it will be observed, was the one in force before any consolidated districts were author-

ized by law, and before the creation of the board of education, and it was designed to apply to changes in common school districts, which might be made by the county superintendent of schools. It will be further observed, that this section does not require the trustees of the districts affected by a change in the boundary of the district to consent to the change. Since the enactment of that statute, statutes have been passed creating the board of education and vesting in it the authority to change the boundaries and to lay off and establish school sub-districts, and, also, to create consolidated districts. Subsection 10, of section 4426a, Kentucky Statutes, which was a statute adopted on March 24, 1908, is as follows:

"The County Board of Education shall have full power, when necessary, to lay off or establish new school sub-districts, or to change the boundary of those already established."

And by sub-section 17, of section 4426a, *supra,* the board of education is authorized to consolidate any two or more contiguous school districts, and this was followed, in 1912, by sub-section 8, of section 4399, Kentucky Statutes, which authorized the county board of education to create a consolidated school district and to organize and maintain a consolidated school, by local taxation, as was done in the instant case. Neither sub-section 10, of section 4426a, *supra,* nor the sections above quoted, which authorize the creation by the board of education of consolidated sub-districts, requires any notice to the trustees of the sub-districts included within the consolidated district, and the fact that the creation of the consolidated district, as provided by sub-section 8, of section 4399, *supra,* is submitted to a plebiscite within the proposed district, it seems to render useless and meaningless any requirement, that the sub-district trustees should have notice or be consulted, and in so far as section 4427, *supra,* requires notice to the trustees of the district affected, when a consolidated district is created, in accordance with sub-section 8, of section 4399, *supra,* does not have application.

(c). The agreed statement of facts shows that three sub-districts, portions of which are included within the consolidated district, were thereby reduced in size, so that each of them will include less than forty-five pupil children, and this fact is relied upon as rendering void the creation of the consolidated district, because contrary to section 4428, Kentucky Statutes, which provides,

among other things, "that no district hereby established shall include less than forty-five pupil children, except in cases of extreme emergency." This section of the statutes was, likewise, intended to apply to the common school districts, which were in existence previous to any statute, authorizing the creation or maintenance of a consolidated school district. It cannot be assumed that the board of education will permit the remaining pupils of the three sub-districts, which have been reduced in size, so that they contain less than forty-five pupil children, to remain without proper school facilities, or that it, in the creation of the consolidated district, did not contemplate arrangements for changes and alterations as to the remaining portions of the districts by which educational facilities will be provided, in accordance with law. It is the duty of the board of education to provide a proper and suitable school for the education of these pupil children, as well as others, and it must be presumed they will do so.

(d). The agreed statement of facts shows that the time, place and purpose of the election held in the consolidated district were published for more than thirty days previous to the day of the election, by typewritten handbills,.posted at seven different public places within the boundary of the district. Sub-section 8, of section 4399, *supra*, which section authorizes the formation of a consolidated school district, in the manner, in which the one in question was created, with reference to the proposition of local taxation, says:

"Said proposition for taxation may be submitted to the voters at the regular election for school trustees, or at any other time decided upon by the board of education, providing, that not less than thirty days' notice be given of said election."

It will be observed that this section does not provide any particular manner of giving the notice, and the only mandatory requirement pertaining to the notice is that notice of the election shall be given for at least thirty days previous to the election. It is conceded that this requirement was complied with. There is no requirement that the notice shall be published in any newspaper. Sub-section 8, of section 4399, *supra,* was enacted in 1912. Previous to that time, in the year 1908, section 4426a, *supra,* was enacted, and by sub-section 9, of that act, it was provided that in an election in any school subdistrict upon the proposition to impose a tax, notice

of the election should be given by written or printed handbills, posted at at least five of the most public places in the district, for fifteen days previous to the election. This section, however, applies, only, to an election held in one sub-district. Prior to the enactment of sub-section 9, of section 4426a, *supra,* it was required by section 4458, Kentucky Statutes, that where an election was held in any district upon the propriety of levying a tax therein, fifteen days' notice of the election must be given, by printed notices, at three or more prominent places in the district. Under section 4463a, Kentucky Statutes, where an election was held in the entire county, the posting of three handbills in each precinct of the county, where there was no daily or weekly newspaper published in the county, was the notice required. Under section 4466, Kentucky Statutes, with reference to an election for the purpose of establishing a graded common school district, the posting of the order calling the election at five conspicuous places in the proposed district was sufficient notice, in the absence of any newspaper published in the county. It would seem, reasoning from analogy, from the statutes quoted, that in a consolidated school district, seven handbills, posted at conspicuous places in the district, would be a sufficient notice of the time, place and purpose of the election, as this seems to be in accordance with the legislative construction, and is a sufficient notice especially, in the absence of any showing, that any voter failed to receive notice of the election and its purpose. There is no evidence nor contention, that any voter in the district failed to receive notice of the election, except that it is argued, because of the failure of a large number of the voters to exercise their right of suffrage at the election, it must be assumed, that such failure arose from the fact of the insufficiency of the notice, but this cannot be presumed, when, as a matter of common knowledge, at a great many elections, even those of a general character and of which the voters all have due notice, they failed to attend the election or vote, in large numbers.

(e). The contention, that the board of education does not have authority to include within a consolidated district portions of sub-districts, and that its powers are restricted to making a consolidated district out of entire sub-districts, was determined by this court adversely to the contention of appellants in the recent case of Davis v. Anderson, 171 Ky. 544.

The judgment is therefore affirmed.