## Hope, et al. v. Shelby County Board of Education, et al.

(Decided March 23, 1926.)

### Appeal from Shelby Circuit Court.

1. Schools and School Districts—Tax Voted by Enlarged Consolidated District in Lieu of Tax Previously Voted Before Enlargement Held Valid Under Statute (Ky. Stats., Sections 4426a-2, 4426a-3, 4426a-5, and 4426a-9).—Under Ky. Stats., sections 4426a-2, 4426a-3, 4426a-5, and 4426a-9, where board of education established a consolidated school district, and, after tax therefor had been voted, added part of another subdistrict, and district as a whole voted a new tax in lieu of the former one, held tax so voted was valid.

2. Schools and School Districts.—Under Ky. Stats., sections 4426a-2, 4426a-3, 4426a-5, and 4426a-9, board of education has broad discretion, and may change boundaries of districts.

3. Schools and School Districts.—Under Ky. Stats., sections 4426a-2, 4426a-3, 4426a-5, and 4426a-9, board of education may create consolidated district out of parts of, as well as entire, subdistricts.

BECKHAM, GILBERT & MATTHEWS for appellants.

C. G. BARRICKMAN for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

In accordance with the orders of the board of education of Shelby county, the Bagdad consolidated school

district was established, composed of certain school sub-districts and a tax of 25c on every $100.00 of property was voted and levied for the support of the school, as provided by the statute. After this in August, 1923, the board of education consolidated with the Bagdad consolidated district, a part of the old Christiansburg subdistrict, thus creating in effect a new consolidated school district as the old Christiansburg subdistrict was not originally a part of the Bagdad consolidated district. The board then called an election in the new consolidated district for the purpose of deciding whether a tax of 25c should be levied in the new district for the support of the school, and in the notice of election it was expressly stated that the tax would be in lieu of the 25c tax theretofore levied in the old Bagdad consolidated school district. The election was held, resulting in favor of the tax. Appellants are residents of the territory thus added to the old consolidated district, and brought this action to enjoin the collection of the tax on the ground that the proceedings were unwarranted. The circuit court sustained a general demurrer to the petition; the plaintiffs appeal.

The case turns on the proper construction of the act of 1916, which is now section 4426-a, Kentucky Statutes. By subsection 2 the board of education shall have power to change the boundary of educational divisions whenever such changes become necessary, and by subsection 3 the board shall have full power, when necessary, to lay off or establish new school subdistricts or to change the boundaries of those already established. By subsection 5, the board shall have power to consolidate with reference to the needs of either white or colored children, any two or more contiguous subdistricts. Subsection 9 is in these words:

"The county board of education shall have power to lay off a boundary including a number of subdistricts and submit to the voters in that boundary the proposition of a tax sufficient to provide for the consolidation of the schools within that boundary and the transportation of pupils to and from said consolidated school. Said proposition for taxation may be submitted to the voters at the regular election for school trustees or at any other time decided upon by the county board of education, provided that not less than thirty days' notice be given

of said election.   When such a tax is voted in such consolidated district for local school purposes it shall remain and be collected annually in accordance with the provisions of law until repealed by a vote of the people at an election called and conducted in the same manner in which the tax was voted.''

It is earnestly insisted that as a tax had been voted in the old Bagdad consolidated school district, that tax could only be repealed by a vote of the people at an election called and conducted in the same manner in which the tax was voted.   But the new tax of 25c was precisely the same as the old tax and was levied for the same purpose, the support of the school.   The only thing changed was the boundaries of the district and to make the change and impose the tax on the people added to the district, it was necessary that a new election be had.   The vote in favor of the new tax was necessarily a vote that it should be substituted for the old tax, for the old district was abolished if the new tax on the new district was voted and a new district took the place of the old district.

Reading the act as a whole the court is satisfied that it was intended to confer upon the board of education large discretionary powers and that the board was clearly given the power to change the boundaries of districts from time to time as the best interest of the school children required.   If a new district was formed a vote must be taken in the new district before the tax could be levied.   The same result followed when new territory was added to an old district, for this was in effect to create a new district in place of the old one with smaller territory.   The board had authority to create a consolidated school district out of parts of subdistricts as well as out of entire subdistricts.   Davis v. Anderson, 171 Ky. 544; Holton v. Board of Education, 176 Ky. 578.

It is urged that appellants had not a fair show in the election, because the effect of the election was to relieve the taxpayers in the old district of a part of the burden they had assumed and they would all therefore naturally vote for the tax, and were much more numerous than the taxpayers in the new territory which was added on.   But while this is so the new territory gets the benefit of the school which the old district has already established, including the improvements made to house the school and they only pay for the school while they enjoy it.   Precisely similar results follow when contigu-

ous territory is added to a town or a city. Necessarily every property owner in such territory takes and holds his property subject to law. Changes that may be made from time to time in boundaries, is one of the contingencies that he assumes.

Judgment affirmed.