# Hoagland v. Henry County Board of Education et al.

(Decided June 14, 1929.)

TURNER, TURNER & BATES for appellant.

W. B. MOODY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The Legislature at its 1926 session enacted chapter 82, page 282, of the Session Acts for that year, and which is now sections 4426-1 to and including 4426-4 of the 1928 Supplement to Carroll's Kentucky Statutes. This action involves only sections 2 and 3 of the act, and which are now sections 4426-2 and 4426-3 of that Supplement. It might, however, be proper to say that section 1 of the act (section 4426-1 of the Supplement) creates the entire county a single common school district under the jurisdiction of the county board of education (hereinafter referred to as the "board"), and authorized it in the manner therein pointed out to establish, consolidate, alter, or change the various subdistricts of the single county school district.

Section 2 authorizes the board to lay off new proposed subdistricts, or to prescribe the boundaries of proposed consolidated subdistricts, and to submit to the voters of the proposed new or consolidated subdistrict the question of levying an annual tax "for local or consolidated school purposes," including that of transportation of pupils, not exceeding the rate of 75 cents on each $100 of taxable property therein according to the

last assessment next preceding the levy of such tax, if voted. Provision is therein made for the calling and holding of the election, including the notice to be given thereof, and, if a *majority* of the voters at the election vote for the levying of the tax in the proposed subdistrict to be created, either by consolidation or otherwise, then the tax is levied, and it is collectable according to directions contained in the statute.

Section 3 (4426-3 in the Supplement) empowers the board in the exercise of its discretion to propose in the same manner the creation of a new subdistrict, or the grouping of consolidated subdistricts theretofore existing or parts thereof into one, and to submit to the voters in the proposed consolidated, or other new district, the proposition of whether or not the taxable property in the territory shall be bonded in an amount permissible under the law "for the purpose of establishing, maintaining and operating a public school or schools for such subdistrict or subdistricts," and the annual levy of a tax sufficient to provide a sinking fund for the payment of interest on the bonds and the liquidation thereof at the time of maturity. The section further provides that the election therein authorized shall be held and conducted in accordance with the provisions of section 2 of the act, and that, if *two-thirds* of the votes cast at the election be in favor of issuing the bonds, the district will thereby be organized and the levy authorized for the proposed purposes. It is further provided in that section that the election held thereunder may be called at the same time and place and held by the same officers as is prescribed for the election authorized under section 2 of the act.

On July 2, 1928, the county board of education of Henry county duly called an election to be held in a proposed consolidated district composed of the theretofore Sulphur consolidated school district, and parts of the theretofore subdistricts of White Sulphur, Pendleton, Sligo, and Hillsboro, for the purpose of determining whether the voters would indorse the proposed consolidation by voting a bonded indebtedness on the property in the proposed district from the proceeds of which an adequate high school building should be erected and equipped at Sulphur, and to levy not exceeding 25 cents on the $100 of taxable property within such proposed consolidated district, 15 cents of which to constitute a sinking fund for the payment of interest on and extinguishment

of the bonds when due, and 10 cents of which was to be used for maintenance purposes. The election was called for August 27, 1928, and was advertised strictly in conformity with the directions of the statute. There were cast thereat 333 votes in favor of the proposition and 91 votes against it.

After the canvass and proper certification of the results of the election, the proper steps were taken to issue and sell the bonds and to levy the voted rate of taxation as proposed in the order calling the election, when appellant and plaintiff below, Roy Hoagland, an affected taxpayer, resident within the district, for himself and others similarly situated, filed this equity action in the Henry circuit court against the board, its members, the county school superintendent, and the sheriff of the county, to enjoin the collection of the tax, upon the ground that the election was invalid. Upon final submission, the court dismissed the petition, and to obtain a review of that judgment, plaintiff prosecutes this appeal.

The only ground urged for a reversal by counsel for plaintiff of any materiality or merit is that the two propositions, i. e., the issual of bonds, and the voting of an annual tax for the *maintainance* of the schools, should have been submitted to the voters separately, since an annual tax for the maintenance of the schools alone (without issuing bonds) to be submitted under section 2 of the act, required only a majority of votes in favor of its adoption; while the one to issue bonds required a two-thirds majority, and counsel argue that a voter may have been in favor of the one proposition and against the other, and to carry the one that he favored he was compelled under the dual question submitted to vote for both propositions, and that the propositions as submitted operated as a species of legal duress, or undue influence, on the voters so as to effect adversely the results of the election.

It will be observed, however, that the proposition submitted was in reality but a single one, which was: Whether the voters of the district were willing to incur an annual tax levy of not exceeding 25 cents? but to be expended for the two purposes stated in the single question submitted. Under the principles of the case of Allen v. Cromwell, 203 Ky. 836, 263 S. W. 356, there was but a single proposition voted on by the voters, and the multi-

plied purposes of the proposed tax did not multiply the proposition submitted to the voter.

Moreover, the two sections under consideration confer two distinct and separate authorities on the board; the one conferred by section 2 authorizes the proposed consolidation or creation of subdistricts with a submission to the voters therein of the proposition of whether *only an annual maintenance* tax shall be levied, and without the issuing of bonds to construct school 'buildings or for other purposes; while the authority conferred by section 3 of the act includes the authority conferred by section 2, plus the further one to submit the additional proposition of the *issuing of bonds* for the making of such improvements.· In other words, while two distinct elections are provided for by the two sections, they are independent of each other, and, when the issuing of bonds is also contemplated, the election must be held under the provisions of section 3, and receive in its favor two-thirds of the votes cast at the election, and, when an election is held thereunder, it is not necessary under the principles announced in the Allen opinion for the two purposes of the levy to be voted for separately.

We therefore conclude that this ground is without merit, and, it being the only one pointed out or discoverable by us, it results that the judgment was proper, and it is affirmed.