## Layson et al. v. Nicholas County Board of Education et al.

(Decided June 20, 1930.)

CONLEY & McCARTNEY and WM. BLANTON for appellants.

I. B. ROSS, S. HOLMES and C. B. CASSIDY for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On March 9, 1929, the board of education of Nicholas county created a consolidated school district in Nicholas county, and ordered a submission to the voters within the boundary laid off for the consolidated school of the question whether or not a tax of 35 cents on each $100 of assessed value of taxable property within the district should be levied for transportation and other local school purposes, including part salary of a high school teacher in a two-year high school. The consolidated district included four former subdistricts known as the Headquarters, Mt. Carmel, Walnut Grove, and Hooktown subdistricts. The election was duly held on May 11, 1929, the day designated by the board of education, and it resulted in a majority of the votes being cast in favor of the tax.

On September 12, 1929, the appellants, Charles Layson, J. William Rankin, W. H. Hardy, J. H. Collier, and R. L. Smith, who were taxpayers in the district, filed an action against the board of education and the sheriff of Nicholas county in which they asked that the election be adjudged void and that the defendants be enjoined from levying or collecting the tax. The lower court adjudged the election valid, and dismissed plaintiffs' petition, and they have appealed.

The principal ground urged on this appeal for a reversal of the judgment is that no notice was given, as provided by law, calling the election, and that therefore the election was and is void.

Section 4426-2, Kentucky Statutes, which provided that the county board of education shall have power to lay off a proposed subdistrict or a consolidated subdistrict boundary within the county school district and submit to the voters within that boundary the proposition of authorizing the levy annually of a tax for local and con-

solidated school purposes, which shall include transportation of all pupils who do not live within reasonable walking distance of the school, reads in part:

"Such proposition for taxation may be submitted to the voters of the proposed boundary by the county board of education and an election called for that purpose, or at the regular election of school trustee; provided, that not less than fifteen days' notice be given of said election by written or printed posters signed by the chairman and secretary of the county board, stating the purpose of the election, the boundary affected, and the date, place or places, and hours of said election, posted at not less than two public places in each district or subdistrict concerned and by one insertion of the notice in a newspaper, if there be one published in the county."

Written or printed posters stating the purpose of the election, the boundary affected, and the date, places, and hours of the election, were posted at not less than two public places in each subdistrict concerned. These posters were signed, "Nicholas County Board of Education by T. L. Clarke, Chairman, Eda Taylor, Secretary." One insertion of the notice was made in the Carlisle Mercury, a newspaper published in the county. The notice in the newspaper was signed, "Nicholas County Board of Education," but the signatures of the chairman and secretary of the board of education did not appear thereon. It is argued that the provision of the statute requiring the notice to be signed by the chairman and secretary of the county board of education is mandatory, and the failure of the notice inserted in the newspaper to carry their signatures rendered the election invalid.

The only purpose of requiring notice to be signed by the chairman and secretary of the board of education is to indicate its official character, and this was done when the signature of the corporate body was placed on the notice. The notice was headed with the words, "Notice of Election," and was signed, "Nicholas County Board of Education." The intention of the Legislature in enacting the provision in question was to require that the notice should be given in an official way, and the fact that it was signed by the corporate body authorized to call the election gave it an official character, and amounted to a substantial compliance with the law.

Appellants rely on the case of Commonwealth v. Barrett, 17 S. W. 336, 337, 13 Ky. Law Rep. 451, in which the notice of an election was required to be given by the sheriff of the county in three consecutive issues of the local newspaper. No notice signed by the sheriff was ever published. The proposed election was to be held for the purpose of determining whether or not an act passed by the Legislature should become effective. Its becoming effective was conditioned upon its approval by a majority of the voters of the county. A copy of the act was published in three successive issues of the newspaper indicated, but the name of the sheriff did not appear in connection with it, and it was held that the publication was altogether unofficial so far as shown on its face. In the course of the opinion it was said:

"It was, however, legislation of an exceptional or novel character; and therefore, doubtless, the legislature not only submitted it to the voters of the county for their acceptance or rejection, but also directed, although the act fixed the time when the election should be held, that the sheriff of the county should give public notice in a certain way of it, and its object. This direction, in a case of this character, should have been strictly followed. It was vital to the validity of the election. By necessary implication the notice should have been official. The act provided that the sheriff should give it. This meant that he should sign it. It could not be known from reading the publication that he was connected with it in any way; and, as no date was given, as it did not even show when the law was enacted, it was impossible for the voter to know from the publication that it was official, or when the election would be held."

From reading the notice in the instant case the voter knew that it was official. It stated the purpose of the election, the boundary affected, and the date, places, and hours of the election, and was sufficient to accomplish the purpose for which it was intended. The election was properly ordered, and it will be presumed that the name of the corporate body ordering the election was placed on the notice by, or at the direction of, the duly authorized officers. The addition of the names of the chairman and secretary of the board would have added nothing to the official character of the notice. In the form in which

it appeared in the newspaper it officially conveyed to all persons affected by it the information required to enable them to act intelligently. Payne v. Providence Graded School District, 173 Ky. 753, 191 S. W. 477.

Some complaint is made of the size of the posted notices. It is claimed the posters were small and the type was small and inconspicuous. No poster is filed in the record as an exhibit, and it is not alleged or claimed that any one failed to vote because of not having sufficient notice. The statute under which the election was held contains no direction as to the size either of the notices or the type. Section 4477 of the Statutes, which provides for written or printed posters not less than one foot square, applies only to bond elections in graded school districts, and, of course, has no application here. It cannot be said from an inspection of the record that the notices were inadequate in this respect.

Some question is raised as to the sufficiency of the minutes of the meeting of the board of education at which the election was called. It seems that the minutes of the meeting were not recorded until after the election had been held. Memoranda made by the secretary of the board at the time of the meeting did not set out the proceedings fully, but the minutes, when actually recorded, showed that the proceedings were regular and proper. It has been held that, as there is no statute providing in terms, or by necessary implication, that a county board of education can speak only through its records, its proceedings can be shown aliunde the record, and the record can be completed after the meeting at which the proceedings were had. Ralls v. Sharp's Adm'r, 140 Ky. 744, 131 S. W. 998; County Board of Education of Pulaski County v. Jasper, 193 Ky. 222, 235 S. W. 366; Elkhorn Coal Co. v. Wright, 230 Ky. 33, 18 S. W. (2d) 862.

It is finally insisted that the notice was insufficient because it did not state the amount of money to be raised, as required by section 4458 of the Statutes. Section 4458 applies only to elections in subdistricts, and has nothing to do with the character of notice of an election in a consolidated school district, which is regulated by section 4426-2, Naylor v. Board of Education of Fulton County, 216 Ky. 766, 288 S. W. 690, relied on by appellants, construed section 4458, and only held that that section, as re-enacted at the 1926 session of the Legislature, was not repealed by section 4426-2, which was enacted at the same session of the Legislature.

We conclude that the election in question was valid and the judgment is affirmed.

The whole court sitting.