## County Board of Education of Meade County v. Bunger et al.

(Decided June 9, 1931.)

ALLEN P. CUBBAGE and W. R. GENTRY for appellant.

H. L. JAMES and H. L. JAMES, JR., for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The vital question presented by this appeal is whether colored voters of a common school district are entitled to participate in an election held pursuant to section 4426-2, Ky. Statutes, for the levy of a special tax in a proposed consolidated common school district.

An order was entered by the county board of education of Meade county purporting to consolidate the subdistricts of Rockvale, Pleasant Grove, and Garrett with the Brandenburg consolidated common school district, and proposing to the voters therein at a special election the question:

"Are you in favor of an additional ad valorem tax of twenty-five cents on each $100 worth of property for the maintenance of a consolidated school in the proposed new consolidated school district?"

The election was held and resulted in favor of the proposition. An action was then instituted by E. L. Bunger and thirteen other citizens, residents and taxpayers, to enjoin the county board of education from carrying out the consolidation, from levying the special tax, and for other appropriate relief. The grounds of attack were that the county board of education could not consolidate subdistricts, but could only propose such consolidation, which failed or became effective according to the vote of the people; that the board of education did not properly or actually order the consolidation or election, as indicated by the formal order entered, and, finally, that the colored voters of the territory affected had no right to participate in the election. Since the majority in favor of the tax depended upon the colored votes, the proposition was defeated if the colored voters were excluded. The circuit court held that the colored voters could not participate in the election, enjoined the consolidation, and required the county board of education to maintain the several subdistrict schools as though no order of consolidation had been made, or special elec-

tion held. The county board of education has prosecuted an appeal.

Section 4426-1, Ky. Stats., provides that:

"Every county in this Commonwealth shall constitute one county school district; provided that in any county in which there is an independent graded school district, or city school district containing a city of the first, second, third or fourth class, the county school district shall be composed of the remainder of the county outside of such independent district or districts. The county board of education of any county shall have full power, except as otherwise provided in this act, to change the boundaries of school subdistricts of the county school system and, when necessary, to establish new subdistricts or to unite subdistricts or parts of subdistricts; provided that the boundary of any subdistrict having bonded indebtedness cannot be extended except upon written petition of two-thirds of the legal voters in the territory proposed to be added; and provided, further, that no subdistrict shall be established or maintained with fewer than fifty children of school age except in case of emergency, nor in any case with fewer than twenty-five such children. But the county board of education may at any time authorize and provide for the transfer of any child, children or grades in any subdistrict to the public school of another subdistrict if it is nearer or otherwise desirable."

It will be seen that all of the territory in any county not embraced within graded school districts constitutes a single common school district, and all of the common schools therein for both races are under the management and control of the county board of education. All the common schools must be supported out of the county levy for school purposes imposed upon all the property in the district, regardless of its character or ownership.

The cases concerning graded school districts are not in point, since each graded school district, whether white or colored, is a separate municipal unit. Graded schools are managed by a local board of trustees selected by the voters of the race for which it was established and supported by taxation imposed by the local board on property in the district owned by the members of the race concerned. It necessarily results that the people and

property of both races are in a single common school district where there is no graded school district, but, in any territory embraced within a graded school district for either race, the members of one race and their property are in one school district, and the members of the other race and their property are in another school district. In any election held in a common school district all the legal voters therein are entitled to participate, and all the property therein is subject to the tax. City of Pineville v. Moore, 190 Ky. 357, 227 S. W. 477; Com. v. Sebree Deposit Bank, 202 Ky. 589, 260 S. W. 388. Section 4426-2, Kentucky Statutes, empowers "the county board of education . . . to lay off a proposed subdistrict or consolidated subdistrict boundary within the county school district and submit to the voters within that boundary the proposition of authorizing the levy annually of a tax for local or consolidated school purposes, which shall include transportation of all pupils who do not live within reasonable walking distance of school at a rate not exceeding seventy-five cents on each one hundred dollars of taxable property within the district as valued in assessment for state and county purposes next preceding the levy of the tax." Hope v. Shelby County Board, 213 Ky. 717, 281 S. W. 815. The exception in the statutes concerning the existence of bonded indebtedness need not be considered, since no such question is presented. Cf. Hoagland v. Henry County Board, 230 Ky. 75, 18 S. W. (2d) 875.

The Constitution, sec. 187, provides:

"In distributing the school fund no distinction shall be made on account of race or color, and separate schools for white and colored children shall be maintained."

The Legislature is bound to provide separate free public schools for white and colored children of school age. In discharging that duty the Legislature for many years has provided for common schools and graded schools. The laws and decisions respecting the graded schools may be put aside in the present case. Separate common schools for each race are maintained by the county board of education, except in territory embraced within graded school districts. The county board of education governs the common school districts as a single unit, and provides and maintains therein separate schools for white and colored children. The result is

that there is available to school children of both races, either a free graded school, or a free common school, but not both. It may happen in some counties that provision has been made for a separate graded school, or a separate common school for each race, or a graded school for one, and a common school for the other. In the instances where there is a white graded school, but no colored graded school, the colored children living in territory occupied by a white graded school district are nevertheless living under the jurisdiction of the county board and are entitled to suitable schools to be provided by the county board of education. Raley v. County Board of Education of Woodford County, 224 Ky. 50, 5 S. W. (2d) 484.

In so far as the county common schools are concerned, taxes are levied upon all property, irrespective of ownership, within the common school district, and provision must be made for the children of both races without discrimination. When a tax levy is made in a common school district, all property therein is subject to the tax. Com. v. Sebree Deposit Bank, 202 Ky. 589, 260 S. W. 388; Allen v. Elkhorn Coal Corp., 208 Ky. 108, 270 S. W. 743; Louisville, H. & St. L. Ry. Co. v. Powell, 213 Ky. 563, 281 S. W. 532; City of Pineville v. Moore, 190 Ky. 357, 227 S. W. 477.

It necessarily follows that all legal voters therein have exactly the same right, regardless of color, to vote upon any proposition concerning such schools. The colored and white voters equally are entitled to a voice in the selection of members of the county board of education. Ky. Stats., sec. 4399a-1c.

The common school districts, as defined by the present statutes, are equally the districts of both white and colored people, and the property of both is equally liable to taxation therein. The county board of education must provide equal facilities in the common school districts for the children of both races, and yet maintain separate schools for white and colored children. Such is the mandate of the Constitution and the statutes enacted pursuant thereto. It is admitted in this case that the vote resulted favorably to the proposed consolidation and tax, if the colored voters were entitled to participate. Since it is clear that they were entitled to participate, it follows that the circuit court was in error in enjoining the

160

county board of education, unless, as is argued, the decree may be sustained upon some other ground. The argument that the county board of education may not consolidate districts without a favorable vote of the people becomes immaterial in the face of the fact that there was a favorable vote of the people. The contention that the board of education did not take the action manifested by its written order and duly approved by it is lacking in merit. It was attempted to be shown, in contradiction of the board's record, that the members of the board merely intended to submit to the voters whether a consolidation should take place. The evidence is quite clear that the board determined to consolidate the districts, if the people voted the special tax, and the order of consolidation was sufficient to express the purpose of the board and to comply with the requirements of the statute. If defective or deficient in any particular, the record might be amended, completed, or perfected at subsequent meetings. Layson v. Nicholas County Board of Education, 235 Ky. 70, 29 S. W. (2d) 626. The cases of Crosby v. Mayfield, 133 Ky. 215, 117 S. W. 316; Moss v. Mayfield, 186 Ky. 330, 216 S. W. 842; Mueller v. Phillips, 186 Ky. 657, 217 S. W. 1010, and other cases, relied upon by appellees and by the circuit court, concerned graded schools alone, and have no bearing upon the questions involved in this case.

It results that the petition of the plaintiffs should have been dismissed.

The judgment is reversed, for proceedings consistent with this opinion.