## Laurel County Board of Education et al. v. Bowling.

(Decided March 16, 1937.)

764

T. H. WEBB and CHARLES N. HOBSON for appellants.

WHARTON NOBLE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Claiming that subdistrict Darl Jones of Laurel county was abolished and thereafter made a part of subdistrict Weaver, and was known as "Weaver A," and that he had been recommended by the trustees for the position of teacher for the year 1935-36, Charlie Bowling brought this suit against the Laurel County Board of Education and its members to compel them to elect him as teacher in the subdistrict. At the same time he sought to enjoin Clarence Rudder, who had been elected teacher by the Board of Education from teaching the school. The Board of Education defended on the ground that the old Darl Jones subdistrict was never abolished or consolidated with Weaver, and even if it was it was thereafter incorporated in a new district created by the joint action of the Boards of Education of Laurel and Clay Counties. On final hearing the chancellor granted Bowling the relief prayed, and the County Board of Education and Clarence Rudder appeal.

There was oral evidence to the effect that in the year 1928 there were fewer than 50 children of school age in Darl Jones district, and that the district was thereafter abolished and added to the Weaver district. On the other hand, the meager records of the County

Board of Education would indicate that Darl Jones district was recognized as a separate district, and was never consolidated with Weaver. However, that phase of the case is wholly immaterial, if Darl Jones subdistrict was thereafter incorporated in a new subdistrict, a question which we shall proceed to consider.

Section 4426a-4, Kentucky Statutes, provides in part as follows: ''With the concurrence of the county boards the county superintendents of two or more adjoining counties where the division line intersects a neighborhood whose convenience requires it, may lay off a subdistrict composed of parts of these counties. The selection and payment of teachers and control of such subdistricts shall be lodged in the county board of the county in which the school building is located, but the county board of the other contracting county or counties shall pay such proportion of the total expense of conducting said school as may be mutually satisfactory and stated in a written contract, which contract shall also state definitely the boundaries of such fractional subdistrict. Said contract shall be spread upon the minutes of each board and duplicate copies signed by the president and secretary of each board shall be filed in the office of the county clerk of each of the contracting counties.'' By an act which became effective June 14, 1934, the Legislature re-enacted the foregoing section in substantially the same language with the exception that it was provided that duplicate copies of the contract executed by each of the boards should be signed ''by the chairman and secretary of each board of education'' instead of ''the president and secretary of each board.'' Chapter 65, art. 5, sec. 10, Acts 1934, sec. 4399-15, Ky. Stats. 1936.

The evidence discloses the following situation: On June 4, 1932, the Laurel County Board of Education entered the following order which was signed by T. W. Williams, chairman, and J. W. Cook, secretary:

''It was unanimously ordered by the Board that a new district be formed in that part of the County known as Darl Jones district with boundaries as follows and to be named * * * beginning at the John Cornett place including it, thence to the Clay County Line; thence to John Whitis' place including him; thence to Forester Gray's including him;

thence to Bryan and W. H. Crook's place excluding them; thence to Creed McFadden's including him; thence to Sam Benge's excluding him; thence to Becham Jones' excluding his farm; thence to Ed Jones' including his farm; thence with County Road to Walter Root's farm including him; thence with the Road to Reed Jones' farm including it; thence with the Road to Lee Meoney's excluding him; thence with the ridge to the beginning.''

On March 5, 1934, the Laurel County Board of Education entered the following order signed by the chairman and secretary:

''A motion was made by T. T. Gregory and seconded by Dr. Wm. Johnson that a new district be formed from that part of the Weaver district formerly known as the Darl Jones district and to include the following farms in Clay County, Dan Bowling, Mack Jones, George Jones, Joe Gregory and John Henry Broughton.

''The above mentioned motion was carried unanimously. It was further agreed that as soon as this district is established that a contract be entered into between Laurel Co. and Clay Co. whereby the Clay Co. Board of Education agrees to release the children on the farms mentioned above from the census report of Clay Co. that they may be listed in Laurel Co. and that Clay Co. must further agree to pay to Laurel Co. their pro rata of the local tax on the per capita basis.''

On March 1, 1934, the Clay County Board of Education entered the following order, which was signed by C. C. Corum, vice chairman, and Baxter Bledsoe, secretary:

''At a meeting of the Clay County Board of Education at Manchester, Kentucky, March 1st, 1934, with the following members present, C. C. Corum, Vice Chairman, presiding, Levi Byrd, Irvin Hensley, and Dan Sibert, it was unanimously agreed and ordered that:

''Willie Bowling, William Barnard, Hiram Smith, Tom Beatty, Cannon Loyd, Edd Smith, Ann Howard, Dan Bowling, Mack Jones, George Jones, Hunter Jones, Joe Gregory, and John Henry

Broughton, be released from Clay County to Laurel County for School purposes and that we receive from Laurel County for School purposes the farm of Ike Bowling. The Clay Co. Board of Education agrees to pay the county per capita on the children of the families underscored above. Also the State per capita on all the children in the above named families.''

At a meeting of the Laurel County Board of Education held on July 1, 1934, a motion by T. T. Gregory seconded by Wilson Stewart to accept the Clay county contract for both Darl Jones and Lake was unanimously carried. On July 2, 1934, the Laurel County Board of Education ordered ''that the parties named above'' (in the order of the Clay County Board of Education of March 1, 1934, be received from Clay county to Laurel county), ''and that we release Ike Bowling to Clay County.'' On July 19, 1934, the superintendent of Clay county released to the Laurel Board of Education 18 children for the purpose of creating the Darl Jones district. On August 31, 1935, and after this suit was filed, the Laurel County Board of Education and the Clay County Board of Education entered into a formal contract which was executed on behalf of the two boards of education by their respective chairman and secretary, and which complied strictly with every requirement of the statute.

Unfortunately, county boards of education are not given to a strict compliance with the statutes regulating their duties, and for that reason when we come to consider the validity of their action the situation is peculiarly one where form should give way to substance. Doubtless the statute contemplated that there should be a written contract signed by the officers of the board. Yet, where the minutes of each board referred to the action of the other board in such a way as to amount to a joint agreement with the same effect as a single contract, there is no reason why a mere lack of formality should render their action void. The statute provides that the county superintendents of two or more adjoining counties where the division line intersects a neighborhood whose convenience requires it, may lay off a subdistrict composed of part of those counties with the concurrence of the county boards. Here the new subdistrict was composed of parts of

Clay and Laurel counties. The order fixing the boundary of the new subdistrict was signed by the superintendent of each county, and both boards concurred in their action. The fact that in one instance the minutes were signed by the vice chairman instead of the chairman is, of course, wholly immaterial. It is true that the new subdistrict was not described in the orders by metes and bounds, but was described by giving the names of owners of farms in the subdistrict. This was sufficiently definite, it being the rule that when a school boundary includes the owner of a farm, naming him, it also includes his farm and those living upon it, unless there are words of exclusion showing a contrary intention. Helton v. Burdette, 180 Ky. 492, 203 S. W. 189. We are therefore inclined to the view that in the creation of the new district there was a substantial compliance wtih the statute. But even if we go further and assume that the prior action of the board was defective in any respect, there can be no doubt that the defect was cured by the amended order of August, 1935, which, though made after the suit was brought, added nothing to the original orders, but simply made them more definite and certain. Audas v. Logan County Board of Education, 246 Ky. 534, 55 S. W. (2d) 341; County Board of Education of Meade County v. Bunger, 240 Ky. 155, 41 S. W. (2d) 931.

The new district being valid, it follows that the trustee of the Weaver district was without power to recommend appellee, and that the chancellor erred in requiring the County Board of Education of Laurel County to elect him teacher for the year 1935-36. Instead his petition should have been dismissed.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.

Whole court sitting.