## Logan Gragg, Individually, Etc., et al. v. County Board of Education of Fayette County, et al.

(Decided June 22, 1923.)

## Appeal from Fayette Circuit Court.

1. Schools and School Districts—Statute Giving Board Power to Furnish Transportation is Not Mandatory.—Under Ky. Stats., 1922, section 4425a-9, authorizing the voting of a tax to pay for transportation for pupils in a consolidated school district, and section 4426a-11, giving the board of education power to provide for such transportation by local taxation, or out of the county funds, or otherwise, it is not made mandatory upon the board of education to provide for transportation out of the county funds in consolidated districts, where no tax has been levied for that purpose; but, if the latter statute is not merely an emergency act, it confers only discretion upon the board.

2. Schools and School Districts—Policy Adopted by Board as to Transportation of Pupils, in Exercise of Discretion, can be Changed.—Where the board of education was given discretion to determine whether to pay for transportation of pupils in consolidated districts out of the county funds, the board by adopting a policy of making such payments did not thereby deprive itself of its right to change its policy at a later date and discontinue such payments.

3. Schools and School Districts—Doctrine of Stare Decisis Does Not Apply to Decisions of Board of Education.—The doctrine of stare decisis has no application except to judgments and decrees of duly constituted courts, and does not apply to decisions of a board of education, even if such board be regarded as a kind of quasi court.

4. Schools and School Districts—Taxpayer Cannot Question Board's Use of Funds for Purpose Different from that Authorized.—A taxpayer cannot question the right of the board of education to

use funds appropriated by the fiscal court for transportation of pupils in consolidated school districts for other purposes, but diverson of such funds can be questioned, if at all, only by the fiscal court.

O'REAR, FOWLER & WALLACE and WM. T. FOWLER for appellants.

R. W. KEENON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The question presented in this appeal is whether the board of education in counties in which there are consolidated school districts created wholly by the board itself may be compelled to provide with the school funds of the entire county, transportation for the pupils of such districts. .It is the contention of appellant and plaintiff below, Logan Gragg, who is a resident and taxpayer of such a district in Fayette county, and who sues for himself and others similarly situated, that such compulsory duty is mandatory and is so enjoined by law on the board of education, while it denies the contention of plaintiff and insists that there is no statute requiring it to do so, and that if there was a statute so requiring, it would be discriminatory and therefore unconstitutional.

The first statute authorizing the creation of consolidated school districts composed of more than one subdistrict was enacted in 1908 and was subsection 17 of section 4426a, 1915 edition of Kentucky Statutes, and it provided for the creation of the consolidated district by the board of education on its own initiative without any action on the part of the patrons of the school to be affected. In 1912 an act was passed empowering the board of education to lay off a boundary consisting of a number of subdistricts and submitting to the voters therein the question as to whether the consolidation should be made and to vote a tax on the district sufficient to provide for the establishment of a school and the transportation of the pupils, and that act became subsection 8 of section 4399 of the same edition of the statutes. One of its provisions was that the board of education "may provide in districts consolidated under existing laws (including the 1908 act) by local taxation or otherwise for the transportation of pupils," etc. In the case of Keenon v. Adams, Supt., 176 Ky. 618, it was held that the words "or otherwise," employed in the 1912 act, authorized

the board of education to defray the expenses of transportation out of the general school fund of the county in districts where no tax had been voted for the purpose, and that the 1908 act and the 1912 act were not necessarily inconsistent and the latter did not repeal the former, but that they provided for two methods by which consolidated school districts might be created.

In 1916 the legislature enacted chapter 24, acts of that year, page 162, and by it expressly repealed sections 4363 to 4535h, both inclusive, except certain sections named therein and which are not pertinent to the question here involved, and by the same act enacted subsections 5 and 9 of section 4426a of the present 1922 edition of the statutes, and they provide for the same two methods of creating consolidated school districts out of subdistricts, but subsection 9 omitted from its provisions a portion of the 1912 act (subsection 8, 4399, 1915 edition of the statutes), among which are the words "or otherwise," but the same 1916 act (section 86, now section 4426a-11) provided that: "In districts consolidated under existing laws the county board of education shall have power to provide for transportation by local taxation or out of county funds or otherwise when, in its judgment, such consolidation is more economical than the creation of an emergency school or when an emergency arises in a subdistrict making it impossible for a school to be taught in that district." The three sections (5, 9 and 11) of our present section 4426a appear to be all the existing law upon the subject.

In 1914 the board of education of Fayette county adopted the policy of providing for the transportation of pupils in consolidated school districts created by it and in which no tax had been voted for the purpose, and that policy was continued until in June, 1922, when the board passed a resolution to abandon the transportation of pupils in such consolidated districts at the expense of the school funds of the entire county and to call elections in such districts for the purpose of voting a tax to provide transportation funds therein and to apply the money theretofore expended for transportation out of the county funds in the erection of emergency schoolhouses and in the erection of consolidated schoolhouses in future created districts until such districts would cover the entire rural portion of the county, and this action was filed to

enjoin the execution of that resolution and to require its rescission.

Defendants, board of education and its members, contend, first, that to expend the money collected from the entire county, including territory not composing a consolidated school district, in the transportation of pupils within such a district would be discriminatory and would require taxpayers where there was no such district to defray a portion of the transportation expenses of pupils within a territory included in such district, and that the statutes, *supra*, attempting to confer such authority were unconstitutional and void, and, second, that if mistaken in the first contention, then the duty imposed upon the board by the statutes to provide out of the county funds for such transportation was not a mandatory but only a discretionary one and that it need never be exercised by the board, but if so it could at any time be abandoned. Incidentally the defendants insist that section 4426a-11 of the present 1922 statutes, which appears to be the substance in part of subsection 8 of section 4399 of the 1915 edition of the statutes, was intended to confer authority upon the county board of education in cases of emergency only and not to provide for a permanent policy in the absence of such an emergency, and, therefore, under the alleged facts, has no application to the questions involved in this case. Under the conclusion we have reached it will not be necessary to determine either the first or the last contention of the defendants, since we are thoroughly convinced that its second one is sound and must be upheld, which will result in an affirmance of the judgment.

There is nothing found in the opinion in the Keenon case even remotely intimating that the duty imposed on the county board of education to pay for the transportation of pupils in consolidated school districts in consolidations made exclusively by it and without a vote of the patrons of the school, with school funds of the county, was mandatory; and in our present section 4426a-5 providing for such consolidations nothing whatever is said about transportation of pupils. In the method of consolidation provided by section 4426a-9 there are contained provisions for the voting of a tax for such purpose, and in section 4426a-11, quoted above, power is given to the board of education to provide for transportation ''by local taxation or out of the county funds

or otherwise'' in districts consolidated ''under existing laws,'' which, if it is not an emergency statute, would seem to be as broad as prior statutes upon the subject. But, for the reason above stated, we deem it unnecessary to determine the question, since if it is the applicable one here, as contended by plaintiff, its language purports only to confer *power* upon the board of education and not to impose a *mandatory* duty.

The question was decided by this court in the case of Gibson v. Anderson, 170 Ky. 664. In that case the court had under consideration subsection 8 of section 4399 of the 1915 edition of the statutes (Acts 1912), and it was expressly held that its provisions which, if they now exist, are found in the present section 4426a-11 of our statutes, conferred upon the county board of education discretionary powers with reference to the matters dealt with in the statutes, including that of providing for the transportation of pupils. Upon that subject the court said: ''The board of education under the statute creating it is invested with large discretionary powers in order that it might administer the affairs of each district according to the needs of the particular district. For example, in one district it might not be necessary to raise any money by taxation for the purpose of building a schoolhouse; in another district it might not be necessary to raise any money for the purpose of maintaining a school; and in yet another it might not be advisable to raise any money for the purpose of transporting children to and from the school; while in other districts it might be thought best to raise money by taxation for all three of these purposes, or any two of them, or one of them alone.''

It is true that the opinion was dealing with a consolidated district which had been created by a vote of the people and in which the question of voting a tax for transportation was not submitted to the electors, but we are firmly convinced that the same reason for construing the statute there under consideration as conferring only discretionary powers on the county board of education should likewise be applied in the construction of sections authorizing the expenditure of funds for transportation in districts created wholly by the county board of education, and especially so when the language of the two statutes is no more mandatory in the one than in the other.

But, it is insisted by plaintiff that when the board of education of Fayette county exercised its discretion in 1914 and provided for the transportation of pupils out of the county funds in consolidated districts wholly created by it, and adopted such a policy it became binding with the force and effect of a judgment of court and could not thereafter be rescinded·or reversed. That contention is so wholly unfounded and is so opposed to the exercise of discretionary power in such boards as universally held by all courts that we deem it unnecessary to consume time in any extended discussion of it. It seems to be conceded by counsel that should we uphold the contention, yet the board, as a kind of quasi court, could reverse its judgment, but in opposition to any such course they invoke the doctrine of *stare decisis,* which has no application except to judgments and decrees of duly constituted courts. We might cite almost numberless instances where public boards, such as fiscal courts and municipal councils, would be barred from rescinding an adopted policy for all time in the far distant future if the contention made by counsel were adopted. But, since we are so thoroughly convinced of its erroneousness, we will dismiss it without further comment.

Another contention made by plaintiff is that the board of education in submitting the school budget to the fiscal court of Fayette county, pursuant to the provisions of the present section 4399a-8, which is part of chapter 36, Acts 1920, page 148, included an item of $20,000.00 for transportation of pupils for the school year 1922-3 and that it should be required under the terms of the statute providing for the budget to expend that sum for transportation purposes. Whether it could spend that sum for any other purpose, under the provisions of the statute, we need not determine, since if it could not but attempted to do so, a question between it and the fiscal court would arise and is not one for determination in a case like this brought by a citizen and taxpayer of a consolidated school district, and especially so, unless it was alleged in the petition that application had been made to the duly constituted fiscal authorities of the county to take action followed by a refusal; and even then it is doubtful whether the board could be compelled to expend money for transportation purposes rather than turn it back into the county treasury, even if it could be held that it could not be spent for the erection of school-

houses or any other purpose looking to the maintenance and development of the consolidated school districts of the county.

Other questions are urged upon us for determination, such as the right of the board to provide for the transportation of white pupils alone without also making similar provisions for colored pupils, and the right of the board to prescribe a zone within a consolidated school district within the limits of which no provision will be made for the transportation of the pupils but beyond which such provisions might be made, but no such questions are presented by the record, in which case our conclusions thereon would be but dictum, and we have too many actual questions pending before us in other cases to devote any part of our time in writing our views on questions *dehors* the record, which when written would have no binding force.

Since, therefore, it was discretionary with the defendant, county board of education, whether it would continue to follow the policy adopted in 1914 its resolution passed in June, 1922, to discontinue it was within its authority, and that being true plaintiff is not entitled to the relief which he seeks. The court, therefore, properly sustained the demurrer to the petition and its judgment dismissing it upon plaintiffs' refusal to amend is, therefore, affirmed.