## Byrne et al. v. Caldwell, Superintendent of Schools, et al.

(Decided December 18, 1928.)

WALKER & PHIPPS for appellants.

JOE M. SPEARS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Mrs. R. A. Byrne and others, who live in the Summit consolidated school district of Boyd county, and have children attending the consolidated school, brought this action against L. C. Caldwell, county superintendent, and the members of the board of education of Boyd

county, to compel them to provide transportation for their children to and from school. A demurrer was sustained to the petition as amended, and the petition was dismissed. Plaintiffs have appealed.

Section 4426a9, Kentucky Statutes, is as follows: ''The county board of education shall have the power to lay off a boundary including a number of subdistricts and submit to the voters in that boundary the proposition of a tax sufficient to provide for the consolidation of the schools within that boundary and the transportation of pupils to and from said consolidated school. Said proposition for taxation may be submitted to the voters at the regular election for school trustees or at any other time decided upon by the county board of education, provided that not less than thirty days' notice be given of said election. When such a tax is voted in such consolidated district for local school purposes it shall remain and be collected annually in accordance with the provisions of law until repealed by a vote of the people at an election called and conducted in the same manner in which the tax was voted.''

The foregoing section was repealed (Acts 1926, c. 82, p. 282, sec. 1), and there was enacted in lieu thereof what is now section 4426-2, Kentucky Statutes, Baldwin's 1926 Supplement, which, in addition to other provisions not material, is as follows: ''The county board of education shall have power to lay off a proposed subdistrict or consolidated subdistrict boundary within the county school district and submit to the voters within that boundary the proposition of authorizing the levy annually of a tax for local or consolidated school purposes, which shall include transportation of all pupils who do not live within reasonable walking distance of school, at a rate not exceeding seventy-five cents on each one hundred dollars of taxable property within the district as valued in assessment for state and county purposes next preceding the levy of the tax.''

The only material change provided by the new act, so far as this controversy is concerned, is the proposition that the annual levy of a tax for local or consolidated school purposes ''shall include transportation of all pupils who do not live within reasonable walking distance of school.'' The case of Gragg v. County Board of Education, 200 Ky. 53, 252 S. W. 137, is not controlling. All that was held in that case was that it was not mandatory upon the board of education to provide for trans-

portation out of the county funds in consolidated districts where no tax had been levied for that purpose. Facts are alleged showing that the consolidated school was regularly organized, and that at an election held for that purpose the proposition of a tax sufficient to provide for the consolidation of schools, and the transportation of pupils to and from consolidated schools, was submitted to the voters, and received a majority vote. Manifestly, where a tax has been voted for transportation purposes, it is the duty of the county board of education to use it for that purpose, and this duty may be enforced by mandamus in a proper case. The only effect of the 1926 act was to confine the transportation to those not living within reasonable walking distance of the consolidated school. The petition as amended so alleges, but the allegation is a mere conclusion of law. Facts should be pleaded showing where the patrons live, the distance of their homes from the school, and their accessibility to routes over which transportation may be had. Without these facts the court cannot determine whether the patrons live within reasonable walking distance of the school or not. The allegations in this respect not being sufficient, the court did not err in sustaining the demurrer to the petition as amended.

Although section 474, Civil Code of Practice, provides, ''The party against whom the mandamus . . . is sought shall file a demurrer or an answer, at or before the time fixed for making the motion,'' yet, inasmuch as neither the petition nor the petition as amended stated a cause of action, the court did not abuse a sound discretion in permitting the defendant to interpose a general demurrer on the day the last-amended petition was filed.

Judgment affirmed.