# Whalen et al. v. County Board of Education of Harrison County.

(Decided May 29, 1931.)

342

KING & BARKER for appellants.

HANSON PETERSON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Prior to February 21, 1930, the Harrison county school district, which comprised all of the territory of

Harrison county outside the city of Cynthiana, had been subdivided into thirty-nine subdistricts. These subdistricts were numbered from 1 to 39, but were popularly known by the name of the locality in which they were situated, thus: Subdistrict No. 16 was known as Avena subdistrict; No ———, as Pugh; and subdistrict No. 21 as the Sunrise High School District. Subdistrict No. 21 was thus known because of the fact that one of the county high schools was located therein. The county had six high schools outside of the city of Cynthiana. They were scattered about the county in strategic positions so as to be able to serve a geographical area, but any high school pupil in the county was free to attend any one of the six high schools he preferred. There were in fact no high school districts as such. Of course each high school was physically located in the territory of some subdistrict. The common school of subdistrict No. 21 was conducted in the same building as the high school known as the Sunrise High School was, and, as stated, subdistrict No. 21 was known as the Sunrise high school district. On February 21, 1930, the county board of education of Harrison county consolidated a number of the subdistricts, reducing the number from thirty-nine to twenty-four. In the order of consolidation, the Pugh and Avena subdistricts were annexed to and "consolidated with the Sunrise high school district." By the order of consolidation, bus transportation was provided for the pupils in the respective consolidated districts, including the particular one we have mentioned. This suit was then brought by a number of the patrons of the Avena subdistrict to enjoin the carrying out of the order of consolidation in so far as it affected the Avena subdistrict. The lower court dismissed the petition, and from that judgment this appeal is prosecuted.

Section 4426-1, being section 1 of chapter 82 of the Acts of 1926, is the statutory authority under which the county board of education acted in consolidating these subdistricts. In so far as pertinent, this section reads:

"The county board of education of any county shall have full power, except as otherwise provided in this act, to change the boundaries of school subdistricts of the county school system and, when necessary, to establish new subdistricts or to unite subdistricts or parts of subdistricts."

344

The appellants insist that there is no authority in this section authorizing a county board of education to unite a subdistrict with a county high school. The argument of the appellants is founded on the fundamental fallacy that the board undertook to consolidate a subdistrict with a county high school. The orders of the board as clearly shown by the evidence united only subdistricts No. ———, known as Pugh, No. 16, known as Avena, and No. 21, known as the Sunrise high school district. The board was not undertaking to do what appellants say they had no authority to do, but only to consolidate subdistricts, a thing which the statute authorizes.

It is next insisted that the county board of education can only unite subdistricts "when necessary," and that the proof in this record does not disclose any necessity for the abolition of the Avena subdistrict as a subdistrict. It is true the evidence shows that the school building at Avena is becoming old and dilapidated and that the salary of one teacher will be saved by the consolidation, but, on the other hand, it is fair to say that the evidence discloses that the main purpose in consolidating these three subdistricts was to arouse interest and to create a feeder for the high school known as the Sunrise High School. Due to lack of pupils, the teachers employed therein had been reduced, and thereby this high school was in danger of losing its position as an accredited high school whose graduates are entitled to enter the State University and other institutions of higher learning in Kentucky without an examination. The word "necessary" in the statute does not mean "indispensable" or a strict necessity. Laws which clothe public bodies and indeed private corporate bodies with "necessary powers" to carry out certain objects have been almost universally construed by the courts to mean that such bodies not only have such powers as are indispensable to effect the objects to be attained, but also such powers as are reasonably useful and proper or convenient. County of Marshall v. Rokke, 134 Minn. 346, 159 N. W. 791, Ann. Cas. 1918D, 932; Thrailkill v. Crosbyton-Southplains R. Co. (C. C. A.) 246 F. 687, L. R. A. 1918C, 90; Childers v. Brown, 81 Or. 1, 158 P. 166, Ann. Cas. 1918D, 170; Madison County v. Simpson, 173 Ark. 755, 293 S. W. 34; City of Chicago v. Kluever, 257 Ill. 317, 100 N. E. 917; Heinz v. National Bank of

Commerce of St. Louis (C. C. A.) 237 F. 942. In the case of Red Star Transportation Co. v. Red Dot Coach Lines, 220 Ky. 424, 295 S. W. 419, 420, in construing the word "necessity" in the motorbus law, we said:

"However, in statutes applying to public utilities the words 'convenience and necessity' are used in a relative sense, and it is a matter of small import which conjunction is used."

We meant thereby whether the conjunction "and" or that of "or" is used. Therefore, if the consolidation was reasonably useful, convenient, or proper, the county board of education had the authority to make it, and whether it was so or not, rested in the broad discretion of that board. The courts have no authority to interfere with the exercise of that discretion unless it has been abused. The necessity for a consolidation does not have to exist in each of the subdistricts proposed to be consolidated. It is enough if the consolidation will make for the efficiency and betterment of the county school system. The evidence clearly establishes such a basis for the consolidation here.

Lastly it is contended that the act of 1926 is unconstitutional because its title is vague and does not, as section 51 of the Constitution requires, indicate what is contained in the body of the act. The title to the act is quite long. The first part of it is an enumeration of certain sections of the Statutes which the act is to repeal. At the end of this enumeration is a semicolon, and then the act goes on to say:

"And to provide more adequately for the establishment of consolidated school [districts and] subdistricts."

Appellants argue that this phrase, in the light of the enumeration of the sections to be repealed, should be construed to mean that the act proposes to provide more adequately for the establishment of consolidated school subdistricts only by the repeal of the sections theretofore enumerated, and that it does not indicate that any new provisions are to be set up in the act for such consolidation. We think a statement of the proposition carries its own refutation. The first part of the title states the sections to be repealed, and then the act goes on to say that it is to provide more adequately for the

establishment of consolidated school subdistricts. We are of the opinion that this clearly carries the idea that the old provisions which are to be repealed had not accomplished this object and that new provisions were to be inserted for that purpose in lieu thereof. The title clearly indicates what one finds in the body of the act, and hence does not violate section 51 of the Constitution.

The judgment of the chancellor being in accord with these views, it is affirmed.