## Knox County Board of Education v. Fultz et al.

(Decided November 27, 1931.)

266

TUGGLE & TUGGLE and MARTIN T. KELLY for appellant.

HIRAM H. OWENS for appellees.

Opinion of the Court by Chief Justice Dietzman—
Affirming in part and reversing in part.

Chapter 56 of the Acts of 1908 was an act providing for the government and regulation of the common schools of the state. By section 17 of that act, which became section 4426a, subsec. 17, of the 1915 Edition of Carroll's Kentucky Statutes, it was provided:

"The county board of any county shall have power to consolidate, with reference to the needs of either white or colored children, any two or more contiguous school subdistricts, and in case of such consolidation schoolhouses shall be built or acquired, located at some point convenient to the patrons of such consolidated school subdistricts, and of sufficient capacity to accommodate the pupil population of such consolidated school subdistricts, and such schools shall be called and known as consolidated schools."

In the case of Keenon v. Adams, 176 Ky. 618, 196 S. W. 173, 175, it was said:

"It will be observed by the terms of the first [this] statute quoted the board of education is expressly authorized, with reference to the needs of pupil children, to consolidate two or more contiguous subdistricts into a consolidated school. This can be accomplished by the board of education making an order to that effect."

By section 8 of chapter 117 of the Acts of 1912, which became section 4399, subsec. 8, of the 1915 Edition of our Statutes, it was provided:

"The County Board of Education is hereby empowered to lay off a boundary including a number of subdistricts and submit to the voters in that boundary the proposition of a tax sufficient to provide for consolidation of the schools within that boundary and for transportation of pupils to and from said consolidated school, and may provide in districts consolidated under existing laws, by local taxation or otherwise for the transportation of pupils of the district to and from the schools."

In the Keenon case, supra, the question was presented whether or not section 17 of the 1908 act above

quoted was repealed by section 8 of the 1912 act, also above quoted. In holding that it was not, we said:

> "There is no repugnancy in the provisions of the two statutes. They each provide for creating a consolidated school, but in a different manner, and the reason for the adoption of . . . [section 4399, subsec. 8, Kentucky Statutes, 1915 Ed.] must be sought in the purpose of the Legislature to provide for the consolidated school and its support by local taxation, where the necessary cost of it would be such that it would not be wise or practicable to give it support otherwise, and to provide for the varying necessities in different communities and localities."

After discussing the law relative to repeals by implication, the opinion goes on to say:

> "Applying the above-stated well-established principles, it is very clear that subsection 17, sec. 4426a, supra, was not repealed by subsection 8, sec. 4399, supra."

Speaking to the question of the board's right to provide for the transportation of pupils out of funds from taxes levied for general educational purposes, the opinion says:

> "These various enactments, construed together seem to fully authorize the board of education to create a consolidated school out of the contiguous districts without submission of the question of local taxation to the voters of the boundary laid off for the district, and has fully empowered the board of education to provide the necessary transportation of the pupils to and from the school out of the taxes levied and collected, under subsection 9 . . . [of the act of 1908]."

See also Davis v. Anderson, 171 Ky. 544, 188 S. W. 652.

By chapter 24 of the Acts of 1916, sections 4426a, subsec. 17, and 4399, subsec. 8, of the 1915 Edition of Carroll's Statutes, were, among other sections of the school law, repealed and a new law enacted in lieu thereof. By section 80 of the act of 1916, which became section 4426a-5 of the 1918 Supplement to Carroll's Kentucky Statutes,

and the same section number of the 1922 Edition of those Statutes, it was provided:

"The county board of education of any county shall have power to consolidate, with reference to the needs of either white or colored children, any two or more contiguous school subdistricts, and in case of such consolidation school houses shall be built or acquired, located at some point convenient to the patrons of such consolidated school subdistrict, and of sufficient capacity to accommodate the pupil population of such consolidation school subdistrict, and such schools, shall be called and known as consolidated schools."

It will be noted that this section is almost identical with section 17 of the 1908 act above discussed. By section 84 of this 1916 act, which became section 4426a-9 of the 1918 Supplement to Carroll's Statutes, and the same section number of the 1922 Edition, it was provided in part:

"The county board of education shall have power to lay off a boundary including a number of subdistricts and submit to the voters in that boundary the proposition of a tax sufficient to provide for the consolidation of the schools within that boundary and the transportation of pupils to and from said consolidated school."

It will also be noted that this section is almost identical with section 8 of the 1912 act, except that there is omitted from this section of the 1916 act that part of the 1912 act which provided that the county boards could provide for transportation of pupils "in districts consolidated under existing laws, by local taxation or otherwise." However, to take the place of this omission from the 1912 act, section 86 of the 1916 act, which became section 4426a-11 of the 1918 Supplement to Carroll's Statutes, and bears the same number in all subsequent editions of those Statutes, including the 1930 Edition, provided:

"In districts consolidated under existing laws the county board of education shall have power to provide for transportation by local taxation or out of county funds or otherwise when, in its judgment, such consolidation is more economical than

the creation of an emergency school or when an emergency arises in a subdistrict making it impossible for a school to be taught in that district.''

It may not be amiss here to state that the expression ''emergency school'' in this section 4426a-11 refers to the provision of the Statutes that subdistricts shall not comprise, except in cases of emergency, fewer than fifty white children of school age, nor in any case fewer than twenty-five such children. See section 4426a-2 of the 1918 Edition of Carroll's Statutes, and the same section number of the 1922 Edition of the Statutes, and section 4426-1 of the 1930 Edition. In the case of Gragg v. County Board of Education of Fayette County, 200 Ky. 53, 252 S. W. 137, this court expressly declined to pass on the effect of the omission from the 1916 act of the provisions of the 1912 act relating to the transportation of pupils out of the general educational fund and of the effect of the substitution for such omission of section 4426a-11, above cited, but did reaffirm the proposition that consolidated districts could be created in two ways, first, in the manner pointed out by the 1908 act, the substance of which was carried over into the 1916 act, and in the manner pointed out by the 1912 act, also, in substance, carried over into the 1916 act. By chapter 82 of the Acts of 1926, sections 4426a-5 and 4426a-9, as they appeared first in the 1918 Supplement to Carroll's Kentucky Statutes, were expressly repealed and in lieu thereof there were enacted sections 1 and 2 of that act, which now appear as sections 4426-1 and 4426-2 of the 1930 Edition of the Statutes. The first of these sections in part provides:

''The county board of education of any county shall have full power, except as otherwise provided in this act, to change the boundaries of school subdistricts of the county school system, and, when necessary, to establish new subdistricts or to unite subdistricts or parts of subdistricts.''

It will be noted that this part of the 1926 act is substantially the same as section 17 of the 1908 act which was carried over into the 1916 act and known thereafter as section 4426a-5, and we gave to it in the case of Whalen v. County Board of Education of Harrison County, 239 Ky. 341, 39 S. W. (2d) 475, the same construction as given to the 1908 act in the Keenon case,

which is that the county board of education has the right by order to consolidate school subdistricts when in its discretion such consolidation makes for the efficiency and betterment of the county school system as a whole. The second section of the 1926 act, now section 4426-2 of the 1930 Edition of the Statutes, in part provides:

"The county board of education shall have power to lay off a proposed subdistrict or consolidated subdistrict boundary within the county school district and submit to the voters within that boundary the proposition of authorizing the levy annually of a tax for local or consolidated school purposes, which shall include transportation of all pupils who do not live within reasonable walking distance of school."

After providing the manner in which the election shall be held, this section further provides that if a majority of the votes cast are against the proposition of a consolidation and the levy of a tax, the district status and boundaries shall remain unchanged by the election. It will be noted that this section of the 1926 act is substantially the same as the 1912 act which was carried over into the 1916 act and became section 4426a-9 of the 1918 Edition of Carroll's Statutes. As the Keenon case held that the 1908 and the 1912 acts were not repugnant to each other, but provided for two different methods for consolidation, it follows that the 1926 act, which combines the substance of the 1908 and the 1912 acts into the two sections of the 1926 act, should receive like construction and that the 1926 act should be held to provide for alternative methods of consolidtion. Section 4426a-11 of the Statutes, supra, which first appeared in the 1916 act, and which provides for the transportation of pupils out of county funds or otherwise when in the judgment of the county board of education such consolidation is more economical than the creation of an emergency school or when an emergency arises in a subdistrict making it impossible for a school to be taught in that district, has remained unchanged by any subsequent legislation and is still a part of our law.

It is apparent from this historical resume of these acts that a consolidation of subdistricts may be brought about either by the action of the board itself of by a submission of the question to the vote of the people of the subdistricts to be consolidated and that the board can

only provide for the transportation of pupils out of its general funds when in its judgment such consolidation is more economical than the creation of an emergency school or when an emergency arises in a subdistrict making it impossible for a school to be taught in that district. In other words, the county board can only provide for the transportation of pupils out of its general funds when, in its judgment, it is more economical to do so than to create a school to accommodate fewer than fifty children or where there are less than twenty-five children to attend a subdistrict school. In all other cases where transportation is to be provided in a consolidated school district, it must come from taxes levied under a vote of the people of the consolidated district authorizing such a tax; and so it follows that where it is proposed to consolidate subdistricts in which there is no emergency school or a subdistrict where there are fewer than twenty-five pupils, if the board intends to provide transportation for the pupils of such a consolidated district, it can only do so by submitting the question of whether there shall be a consolidated district and a tax levied by the people for the transportation of pupils to the voters of the proposed consolidated district. In such state of case, where transportation must be provided and the conditions under which the general funds may be used for such purposes are not present, the board cannot consolidate by its own action alone such subdistricts. In the Whalen case, where the question of the payment for the transportation of pupils was not raised, it was held that the power of the board to consolidate subdistricts by its own action alone lay in its sound discretion. Of course, under familiar law where there is an abuse of such discretion on the part of an administrative board, the courts will interfere to prevent such action. Clearly it would be an abuse of discretion for a county board of education to create a consolidated district where the places of abode of at least any large number of the pupils of the proposed consolidated district would not be within reasonable walking distance of the school unless transportation were provided, because in such state of case the creation of such a consolidated district would in effect deprive the pupils of all chance to obtain an education. It would, therefore, follow from what has been said that where the board proposes to create a consolidated district where the places of abode of at least a substantial number of the pupils are not within reasonable walking

distance of the consolidated school, and where the board has no right to provide for transportation out of its general funds because the conditions of section 4426a-11 are not present, the county board cannot create such a consolidated district without submitting the question of the consolidation and the levying of a tax for transportation to the voters of the proposed consolidated district.

Applying the principles thus announced to the case before us, we find that the county board of education of Knox county has heretofore established two consolidated districts, one known as the Barbourville district, although the school building is located outside of that city and that city forms no part of such district, and the other known as the Corbin district, although there, too, the school is located outside the city of Corbin, and the city itself forms no part of the district. In February, 1931, the county board of education of Knox county undertook to enlarge greatly both of these consolidated districts, the boundaries being extended on some of the sides to at least 20 miles from the school building. In doing this, a large number of subdistricts were abolished, although the board says that it intends to maintain in many of the subdistricts the schools theretofore taught confining the grades from the first to the sixth and concentrating the seventh and eighth grades in various junior high schools to be erected in the proposed consolidated subdistrict. The board by its order of consolidation proposed to transport the pupils in the consolidated districts out of its general funds. The board did not submit to the voters of either proposed consolidated district the question of creating such enlarged consolidated districts, or of levying a tax for the transportation of pupils therein. The board also proposed to erect at Flat Lick one of the junior high schools to which reference has been made. Thereupon this suit was brought by a number of the residents, taxpayers, and voters of the proposed consolidated districts to enjoin such consolidation, the erection of the junior high school at Flat Lick, and the payment for the transportation of pupils out of the general funds of the board. By an amended petition, it appears that near the city of Barbourville there is a consolidated school for colored children which is supported out of the general funds of the board and to which the pupils are transported by the county board, the payment for such transportation also being made out of those general funds. It was sought by the amended petition to enjoin

this arrangement and action of the board also. On final hearing, the trial court granted the plaintiffs the relief they sought in toto and from the judgment thus entered this appeal is prosecuted.

It is argued by the appellees with a great deal of plausibility that the main purpose of the consolidations thus proposed and attempted to be carried out by the appellant was to do away with the subdistrict trustee and his right of nomination of teachers for subdistrict schools; but inasmuch as we are of opinion that in so far as the court enjoined these consolidations in so far as they applied to the Barbourville and Corbin districts, and the erection of the junior high school at Flat Lick, and the payment of the transportation of pupils in the new consolidated districts out of the general funds of the board, its action is fully supported under the principles hereinbefore laid down, it will not be necessary to discuss what would be the effect of the effort on the part of the county board of education to do away with the subdistrict trustee if that be conceded to have been established. A consolidated district does not mean that the county board may just abolish subdistrict lines and keep on teaching and maintaining and operating the old subdistrict schools. A consolidation means at least some concentration of pupils into consolidated schools. The distances that the limits of the proposed Barbourville and Corbin consolidated districts are from any central point or points therein are so great that no one could contend that they are within reasonable walking distance of such central point or points; and as the evidence shows a large number of pupils live without such reasonable walking distance, it was an abuse of discretion on the part of the appellant board to create such consolidated districts without providing transportation for such pupils. The evidence shows that the conditions prescribed by section 4426a-11 for the county board to provide for such transportation out of its general funds are not here present. Hence the board could not create such consolidated districts and provide for the transportation of pupils without submitting the question of such consolidation to the voters of the district along with the question of a tax to provide for such transportation. As the board did not do that in the instant case, it follows that the chancellor correctly enjoined the creation of the consolidated districts and the payment for the transportation of pupils out of the general funds of the board.

Since the erection of the junior high school at Flat Lick was a part of the same program, it, too, was properly enjoined.

This leaves only the question concerning the colored consolidated school. Attorneys for the appellees in their argument seem to have the idea that inasmuch as in this consolidated school the pupils are divided up into grades, such school constitutes a graded school to be governed by the laws applicable to graded school districts. Such is not the case. This school is in no sense a graded school district. It is part of the county school district wherein for efficiency and economy a consolidated school has been erected wherein the pupils are divided into grades. Under the act of 1926, to which reference has been made, by section 1 it is provided that every county in the commonwealth constitutes one county school district. This includes both colored and white pupils, and the duty devolves upon the county board of education to maintain schools for colored pupils of the county not residing in any graded school district maintained for colored pupils, whether such colored pupils reside within or outside of graded schools maintained for white pupils, out of the school funds of the county, irrespective of whether such funds come from taxation upon white or colored property, just as it is its duty to maintain the white schools. County Board of Education of Meade County v. Bunger, 240 Ky. 155, 41 S. W. (2d) 931. The record in this case fails to show that the county board of education in providing for the transportation of these colored pupils to the school out of its general funds was not justified in doing so because the conditions under which it has the right to provide for the transportation of pupils out of its general funds as laid down in section 4426a-11 were not present. It always is presumed that public officers do their duty, and hence, in the absence of evidence to the contrary, it will not be presumed that the county board provided for such transportation without right.

It therefore follows that, in so far as the chancellor enjoined the maintenance of this colored consolidated school and the transportation of the pupils thereto out of the general funds of the board, his judgment cannot be sustained and must be reversed. In all other respects, it is affirmed.

Whole court sitting.