## Audas et al. v. Logan County Board of Education.

(Decided Dec. 16, 1932.)

JOHN H. GILLIAM for appellants.

COLEMAN TAYLOR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

This suit was brought to enjoin the consolidation of Red Hill, Diamond Springs, and Audas school subdistricts in Logan county with the Lewisburg school of that county. The chancellor dismissed the petition of the plaintiffs, and from that judgment this appeal is prosecuted.

The law applicable to this controversy is to be found in the cases of Knox County Board of Education

v. Fultz, 241 Ky. 265, 43 S. W. (2d) 707, and Whalen v. County Board of Education of Harrison County, 239 Ky. 341, 39 ·S. W. (2d) 475. In the former case, we pointed out that under the law as it now stands a consolidation of subdistricts may be brought about either by the action of the county board of education itself or by a submission of the question to the vote of the people of the subdistricts to be consolidated. If the consolidation is brought about by the action of the board without a submission of the question to the vote of the people (as it was in the case at bar), the board can only provide for the transportation of pupils out of its general funds as it proposed to do in the consolidation now under discussion when, in its judgment, such consolidation is more economical than the creation of an emergency school, or when an emergency arises in a subdistrict making it impossible for a school to be taught in that district. As stated in the Fultz Case, supra, an emergency school under our Statutes (Ky. Stats., sec. 4426a-2) refers to the provision of these Statutes that subdistricts shall not comprise except in cases of emergency fewer than 50 white children of school age, nor in any case fewer than 25 children. In the Whalen Case, supra, we held that whether consolidation of subdistricts is necessary, that is to say, reasonably useful, convenient, or proper, rests within the sound discretion of the county boards of education, which discretion will not be interfered with by the courts, unless abused.

In the instant case, the evidence showed that the three subdistricts which it was proposed to consolidate with the Lewisburg district each had less than 50 enrolled pupils, and, indeed, in one of them the enrollment was perhaps less than 25. In all three districts, the average attendance was less than 25, so that it is quite apparent that these three districts were districts to which the term "emergency school" is applicable. Such being the case, the county board of education was authorized, if the consolidation of these three districts with the Lewisburg school was otherwise proper, to provide for the transportation of the pupils in the three districts proposed to be consolidated out of its general funds without a reference of the matter to the vote of the people of the districts involved. Although there was some dispute in the evidence, the chancellor necessarily found the facts to be as follows: The three districts sought to be

consolidated lay to the north of the Lewisburg school. In each of these districts the schoolhouse had become old, dilapidated, and out of repair. The lighting and heating arrangements were not good, and the sanitary conditions not above reproach. There was but one teacher to each of the districts. On the other hand, the Lewisburg school is a fine new school, with modern equipment, proper heating and lighting arrangements, excellent sanitary conditions, gymnasium, and a corps of teachers adequate to give proper instruction. A well-made road runs north from Lewisburg through the three districts sought to be consolidated with this Lewisburg school. This road splits the three districts in question. We gather from the record that the schoolhouse in each district lies to the west of the road, so that the pupils who live to the east of the road will have less distance to walk in order to reach the bus, which the board has provided to transport the pupils from these districts to Lewisburg, than they would have to walk to the school. So far as the pupils who live on the west side of the road are concerned, in most instances it will be nearer for them to go to the road than to their respective schoolhouses. In a few instances, some of the pupils will have to walk a little further to reach the road than they did to reach their school, but in no instance will they have to walk much more than a mile. The board estimates that by the consolidation, even with the paying for the transportation of pupils, they will be able to save the salary of two teachers and can accommodate these additional pupils in the Lewisburg school without adding materially to the expense of conducting that school. As stated, there was some dispute in the evidence, but there was ample proof to sustain the chancellor in arriving at the foregoing conclusions of fact, as he must necessarily have done in giving the judgment he did. These facts being so, it is perfectly obvious that not only was there no abuse of discretion in consolidating these districts, but such consolidation appears to have been a most wise exercise of that discretion. The consolidation with the provision for the transportation of the pupils to be paid for out of the general fund of the county board was fully authorized by the applicable law.

It is contended, however, that the original order of consolidation adopted by the board was so indefinite, uncertain, and vague as not to support such

order of consolidation. After the petition in this case had been filed, the board met and entered on its minutes a very elaborate order with all the reasons for it being adopted set out in a series of "whereas clauses." It is not contended that this amended order is not fully sufficient to support an order of consolidation. It is argued, however, that, after the lawsuit had been once started, the board could not amend its original order. Passing the question whether or not the original order was in itself sufficient, we find that it was held in the case of County Board of Education of Meade County v. Bunger, 240 Ky. 155, 41, S. W. (2d) 931, that a defective order or one deficient in any particular may be amended, completed, or perfected by a county board of education at a subsequent meeting. In the instant case, the amended order added nothing new to the original order, but simply made that order more definite, certain, and specific, if, indeed, it required such an amendment. There is therefore no merit in this contention of the appellant.

The judgment of the lower court being in accordance with the views herein expressed, it is affirmed.