## Bell County Board of Education et al. v. Wilson et al.

(Decided March 27, 1936.)

L. R. WILSON for appellants.

N. R. PATTERSON for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

The appeal asks a reversal of a judgment enjoining the appellant from changing and consolidating in part certain school districts.

About the year 1924, mining operations were opened at a place called Insull on the boundary line of Bell and Harlan counties. It has become quite a large settlement. A school was established in Harlan county a short distance from the line. The Bell county board of education had no part in its conduct until about 1928, when it began to contribute to the payment of the teachers. Through the growth of the community, the erection and equipment of buildings by the mining company, and substantial contributions by it and the patrons, a highclass school has been developed. It is being conducted for nine months and has reached a standard much higher than surrounding country schools, both in facilities and curriculum. About two-thirds of the pupils live in Bell county. There was never any contract or agreement between the county boards of education, as is provided by section 4399-15 of the Kentucky Statutes, 1934 Supplement.

The schoolhouse in Burnt Hollow District of Bell county was burned, and the board of education entered an order in March, 1934, establishing a new district embracing the territory in Bell county which the Insull school served and the old district. A suit was brought to enjoin that action, which resulted in an agreed judgment abandoning the effort. On May 1, 1934, the board directed that Insull District No. 81 and Burnt Hollow District No. 25 should be consolidated into a district known as Puckett's Creek District No. 25, and steps were taken to build a schoolhouse. This suit asked an injunction against that action. A temporary injunction was issued by the regular judge, and it was made permanent upon a final hearing.

It is not questioned that the county board of education has broad powers in consolidating and changing districts, and in doing so may exercise a liberal discretion. Section 4399-6, Kentucky Statutes, 1934, Supplement. Audas v. Logan County Board of Education, 246 Ky. 534, 55 S. W. (2d) 341; Board of Education of Bath County v. Goodpaster, 260 Ky. 198, 84 S. W. (2d) 55. But those powers are to be exercised with reasonable discretion and not arbitrarily. Ex parte Board of Education of Montgomery County, 260 Ky.

246, 84 S. W. (2d) 59. The action of the board is always open to review by the courts.

We are of opinion that the consolidation in the present instance and the withdrawal of support of the school being maintained at Insull was an abuse of discretion. Not only would it destroy the very efficient school now being maintained through the patriotic community spirit, but it would require a large number of pupils to walk over rough mountain roads a considerable distance to attend a school which would not under the circumstances afford anything like equal facilities or standard of instruction. It is true that some children are having to travel the same distance now in order to reach the Insull school which those at Insull would have to travel to the one contemplated. But they are fewer in number and do not appear to have been regular attendants when there was a school nearby. There are other reasons appearing in the record for our conclusions. A recitation of all of them, or of further details, would not be useful. We concur in the conclusion of the chancellor that this action of the county board was an abuse of discretion and should be enjoined.

Judgment affirmed.