### Smith et al. v. Withers et al.

(Decided Nov. 9, 1937.)

C. A. DENNY for appellants.

T. J. SPARKS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On June 14, 1937, the Muhlenberg County Board of Education passed an order discontinuing three school districts in Muhlenberg County. One of the three was District No. 54, known as "Ebenezer School District." The order contains the following:

"Ebenezer—located in one and a half miles of the Drakesboro Consolidated School, on hard surface road and the students from this school can easily be transported to the larger school."

The order also contains the following:

"The Board of Education feels that the school conditions of these three districts will be benefited greatly since the students from these districts will be offered better educational facilities in the larger schools to which they are being sent."

The board provided bus transportation for all the pupils attending the Ebenezer school.

In the month of August, Walter Smith and others, citizens, residents, and taxpayers of School Subdistrict No. 54, brought suit against the Board of Education of Muhlenberg County and its members for a mandatory injunction requiring them to employ a teacher and cause to be conducted a primary school in the subdistrict. Being denied the relief prayed, they have appealed.

A county board of education is given authority when necessary to discontinue subdistricts or to transfer a child or children to other subdistricts, and its discretion will not be interfered with by the courts, except

in case of abuse. Section 4399-6, Kentucky Statutes; County Board of Education v. Goodpaster, 260 Ky. 198, 84 S. W. (2d) 55; Ex Parte County Board of Education of Montgomery County, 260 Ky. 246, 84 S. W. (2d) 59; Bell County Board of Education v. Wilson, 263 Ky. 556, 92 S. W. (2d) 821. The facts relied on to show an abuse of discretion are: At the Drakesboro school some of the grades are taught in the basement, and they have a partition dividing the seventh and eighth grades in such a way that one division can hear what is going on in the other division. Noise can also be heard from the rooms above. In two or three instances two pupils are occupying a seat intended only for one, and in the primary room there are no desks, but the children use chairs and tables. The bus is crowded and occasionally the pupils will have to stand out in the snow and rain. The lack of seating capacity is a temporary matter that may be easily adjusted. In the very nature of things the noise in the basement can not be as great as the noise in the old one-room schoolhouse. There will be times, of course, when the children will have to stand out in the rain or snow and wait for the bus, but that hardship will be no greater than walking through the rain or snow to get to the local school. It is only where the action of the board is arbitrary or unreasonable, or without any substantial basis, that it amounts to an abuse of discretion. While there may be difference of opinion on the question, and some of the patrons may prefer a small school, it is the general consensus of opinion that the facilities in a consolidated school are superior to those in a one-room school, and we are not prepared to say that a few temporary inconveniences that may be easily obviated are sufficient to show an abuse of discretion on the part of the county board in discontinuing the Ebenezer school and transferring its pupils to the Drakesboro school.

But the point is made that the order of the board is invalid on the ground that it did not give the reasons for the discontinuance of the Ebenezer school. While it might be the better policy for the board to set out its reasons, the statute does not require it, and a failure to do so is not fatal to the validity of the order. On the contrary, whenever an order of the board is attacked, the board may develop the facts and thus justify its action, though its reasons therefor were not stated in the order.

The Drakesboro consolidated district has a bonded indebtedness of more than $80,000, and the action of the board was not authorized by a vote of the people. It is therefore insisted that the order of the board is invalid for the reason that section 4399-6, Kentucky Statutes, provides that no subdistrict shall be consolidated with another subdistrict having a bonded indebtedness, except upon a favorable vote of two-thirds of the legal voters in the territory proposed to be added to the subdistrict. In reply to this contention it is sufficient to say that the order of the board did not work or attempt to work a consolidation of the two districts. It merely discontinued Subdistrict No. 54, and transferred the pupils of that district to the Drakesboro school. In the circumstances the order of the board did not have the effect of making the patrons or taxpayers in the Ebenezer subdistrict liable for any portion of the indebtedness owing by the Drakesboro district, and no vote on the question was necessary.

Judgment affirmed.