## Alford et al. v. Board of Education of Campbell County et al.

Dec. 12, 1944.

John Wm. Heuver and Wm. C. Buten for appellants.

Aubrey Barbour, Fred B. Bassman, and Conrad G. Matz for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

Appellants, citizens and parents of children resident in the Melbourne School District of Campbell County, instituted the action, seeking a mandatory injunction to compel appellees (who constitute the Board of Education of Campbell County) to permit the children of the Melbourne School District to attend the grade school at Alexandria, or to re-establish the grade school at Melbourne.

The decision of the Board to close the Melbourne school was made at its meeting of April 24, 1943. The reason assigned for this action was to effect a saving in the approximate sum of $2,500 in the operation of the school system of Campbell County. The evidence does not show clearly the date the close of the school was effected, but we infer that it was on the first day of the September term following. Appellants and other parties having like interests protested the action of the Board; but withdrew their objections when assured by the Board their children would be sent to the Alexandria school, and in no event to the A. J. Jolly School at California. After permitting the children to attend the Alexandria school for approximately one month, appellees transferred their attendance to the Jolly school. A bus was provided to carry the children to the Jolly school; but it is necessary that it travel over a route which is extremely dangerous, at least at one point. The reason assigned by the Board for the last transfer is that the Alexandria school became overcrowded by reason of the abandonment of the Melbourne school.

The Chancellor refused to grant the injunction and dismissed the petition, after hearing testimony in respect to the financial condition of the Board; the physi-

cal condition of the various school buildings and their proximity to the pupils to be served; the condition of the roads over which the buses travel in transporting the children; and the difference in the cost of operation of the schools of the County before and after closing the Melbourne school.

Under KRS 160.070, a county board of education has broad powers in consolidating and changing districts, and in transferring children from one subdistrict to another; and, in doing so, may exercise a liberal discretion. But such powers may not be exercised arbitrarily. Bell County Board of Education et al. v. Wilson et al., 263 Ky. 556, 92 S. W. 2d 821, and cases therein cited. The chief cause of complaint concerning the Board's action in requiring appellants' children to attend the Jolly school is that they must be transported over a highway so hazardous as to subject them to injury or death unnecessarily. It is argued that, on this account, the action of the Board transcends a reasonable discretion that amounts to an arbitrary and oppressive requirement of the children of appellants. It was conclusively shown by the evidence that a bridge and its approaches on the route in question are extremely dangerous, and that a slight mishap at that place would result in precipitating the school bus over an embankment, in which event casualties undoubtedly would occur. That being true, public policy in respect to the safety of school children demands that they should not be subjected to such a hazard, unless their attendance at another school is impossible, or at least impracticable. We are not disposed to select the school which the children should be required to attend, other than to direct that they shall not be required to attend the Jolly School at California, at least until the hazard complained of has been eliminated.

The judgment is reversed, for proceedings consistent with this opinion.